## J. C. MATTHEWS v. FRANK LUCIA.

### Conditional Sale. Waiver. Demand.

By the conditional sale if the vendee failed to pay the note according to its tenor, he forfeited what he had paid, and the vendor could take the wagon. There was a failure to fully pay ; but the vendor allowed the wagon to remain with the vendee ; and he accepted payments after the last installment was due. Without making a demand he brought suit to recover the balance of the note, attaching the wagon and holding it by virtue of the attachment until the trial commenced, when he entered a non-suit, and claimed to hold it under the written contract. *Held,*

1. If a demand were necessary the bringing of the suit was sufficient.
2. By making the attachment the defendant did not waive his right to the wagon under the conditional sale ; nor, was he estopped from asserting his right.
3. Nor did he waive the causes of forfeiture arising from default of payment by accepting payments after the note was due.

TROVER and trespass for a wagon. Plea, general issue, and trial by court, June Term, 1882, TAFT, J., presiding. Judgment for the plaintiff to recover the value of the wagon, deducting the amount due the defendant upon the contract. On June 23d, 1879, the plaintiff gave the defendant the following writing :

" For value received I promise to pay Frank Lucia or order eighty-five dollars as follows : ten dollars in cash on receipt of wagon; thirteen dollars in lumber on receipt of wagon; and sixty-two dollars in lumber delivered in Middlebury village on the 1st day of August, 1879. This note is given for a wagon I have this day purchased of the said Lucia, and the said wagon is to be and remain the property of the said Lucia until fully paid, and if not paid as above, the said Lucia may take the wagon without let or hindrance, and I forfeit all I have paid. This is a booted buggy wagon."

A sum remained due upon the note, and the defendant brought suit for it, attached the wagon, and held it by virtue of the attachment until a trial was commenced, when he entered a non-suit, and took the wagon, claiming to hold it under the written contract. The other facts are stated in the opinion.

*Stewart & Wilds* and *L. E. Knapp*, for defendant.

Where there is a conditional sale the absolute title to the property remains in the vendor until the condition is complied with, and cannot be waived any more than any other absolute ownership of property can be waived. Jones Chat. Mort. 26, 29 ; R. L. 1981, 1994 ; Benjamin Sales, 285, s. 320, note, and 785, s. 796 ; *Child & Benton* v. *Allen*, 33 Vt. 476 ; *Blodgett* v. *Blodgett*, 48 Vt. 32 ; *West* v. *Bolton*, 4 Vt. 558.

The general rule is that after condition broken the vendor of a conditional sale has a right under his contracts to resume possession without demand or notice. *Child & Benton* v. *Allen*, 33 Vt. 476 ; *Buckmaster* v. *Smith*, 22 Vt. 203.

And even mortgaged chattels vest in the mortgagee on breach of condition. *Blodgett* v. *Blodgett*, 48 Vt. 32. See *West* v. *Bolton*, 4 Vt. 558 ; *Smith* v. *Foster*, 18 Vt. 182.

*J. M. Slade*, for plaintiff.

It is a well settled principle of law that in a conditional sale containing a forfeiture clause upon nonpayment at a certain time

that receipt of payments by the vendor subsequent to the time mentioned in the contract, and the absence of any request by vendor for payment of the balance due and a refusal by the vendee, is a waiver of the forfeiture. *Fairbank* v. *Phelps*, 22 Pick. 535 ; Fry on Specific Performance, 409 ; *Lawrence* v. *Dell*, 3 Johns. Ch. 23 ; *Hutchins* v. *Munger*, 41 N, Y. 156 ; *Taylor* v. *Finley*, 48 Vt. 78 ; 17 Pick. 140 ; *Marston* v. *Baldwin*, 17 Mass. 606 ; *Boynton* v. *Braley*, 54 Vt. 93.

The opinion of the court was delivered by

ROWELL, J. By the terms of the conditional sale, the wagon was to remain the property of the defendant until the note given for the price thereof was fully paid according to its tenor, the last installment falling due on August 1, 1879, and in default of such payment, the defendant had the right to take the wagon without " let or hindrance," and the plaintiff was to forfeit all he had paid towards it. After the last installment fell due, the plaintiff made, and the defendant accepted and received, payments on the note, the plaintiff retaining possession of the wagon. It is claimed that this was a waiver of all prior causes of forfeiture arising from default of payment, and that it was necessary for the defendant to make demand of payment before he could thereafter take the wagon for non-payment. *Hutchings* v. *Munger*, 41 N. Y. 155 ; *Manufacturing Co.* v. *Teetzlaff*, 13 Reporter, 511 ; *Taylor* v. *Finley*, 48 Vt. 78. If this were so, the bringing of the suit by the defendant for the recovery of the balance due on the note, was a sufficient demand.

The attachment of the wagon on the writ in said suit was not a waiver of the defendant's right to the wagon under the conditional sale, nor an estoppel against his afterwards asserting that right in the manner he did. *Child & Benton* v. *Allen*, 33 Vt. 476.

Judgment reversed, and cause remanded.