# Fuller v. Eames.

*Action of Detinue.*

1. *Election; former suit; evidence.*—It is competent for a defendant to introduce in evidence the papers in a former suit between the same párties, in reference to the same subject matter, for the purpose of showing that the rights claimed, and the remedy sought by the plaintiff in the former suit are inconsistent with, and antagonistic to the rights claimed, and the remedy sought to be enforced in the present suit.

2. *Same.*—Where a plaintiff sues out an attachment and has the same levied on certain articles as the property of defendant, he cannot, afterwards, though the levy is released, bring an action of detinue for the same property; having elected to treat the property as belonging to defendant, he is bound thereby.

APPEAL from Circuit Court of Clarke county.

Tried before Hon. JOHN C. ANDERSON.

This is a statutory action of detinue brought by the appellant against the appellee, in the Circuit Court of Clarke county, for the recovery of 112 telegraph poles. At the commencement of the suit the plaintiff made affidavit and gave bond and the property (96 poles) was seized by the sheriff. The defendant failing for five days to give bond, the property was delivered to the plaintiff upon his giving the bond prescribed by law. The complaint is in the statutory form. The defendant interposed the plea of the general issue. On the trial judgment was rendered for the defendant. The bill of exceptions recites: "That the plaintiff introduced evidence tending to show that the cedar poles sued for were his property, and that they were not to be removed till defendant paid for them; and that defendant had removed them without payment therefor. The defendant introduced evidence that tended to show that the plaintiff had not reserved the title, but had parted therewith to the defendant. The defendant then introduced as a witness the sheriff of said county who testified that he had levied on the property sued for under an attachment theretofore sued out by plaintiff against the defendant,

and that such property was so levied upon at the direction of the plaintiff, as the property of defendant. The defendant then introduced the papers in an attachment suit brought by the plaintiff against the defendant, to-wit, the affidavit, the bond, the writ of attachment, and the complaint (which showed that the suit was for the price of some poles involved in present action) ; also transcript of the docket of the trial justice, which showed judgment for plaintiff, issuance of execution, claim of exemption as to this specific property by defendant, return by sheriff "no property found." The trial justice testified in behalf of plaintiff that prior to the bringing of the present action the plaintiff had dismissed *said attachment suit* from his court. The claim of exemption filed by the defendant in the attachment suit was not contested. The court at the written request of defendant gave the general charge in his favor. The plaintiff having duly reserved exceptions, assigned the following errors : 1. The action of the court in admitting in evidence the several papers pertaining to the alleged attachment suit. 2. The action of the court in admitting in evidence the paper purporting to be a declaration or claim of exemptions. 3. The action of the court in giving the general charge for the defendant.

JOHN V. KILPATRICK & W. L. MARTIN, for appellant.

MALLORY & McLEOD, *contra*.

HARALSON, J.—The papers in the attachment suit before the justice of the peace, were competent evidence to show that the plaintiff in this suit, had sued out said attachment, and sought thereby, to have the property sued for in this action as his, levied on and condemned in said attachment suit, as the property of defendant; that in that proceeding, he claimed that the property levied on was the defendant's, and in this, that it belongs to him. The bond and writ were in regular form. The affidavit, if defective as claimed, might have been reached by a motion to quash or by a plea in abatement, but it was not void.—3 Brick. Dig. 55, §§ 37, 38. It was amendable for any defect of form or substance. Code, § 2998. Besides, these were the plaintiff's papers, in his suit against defendant, and who but the defendant

[Fuller v. Eames.]

could object to their sufficiency? The plaintiff certainly could not. It was the fact of the recognition by plaintiff of defendant's ownership of the property sued for, as evidenced by these attachment proceedings, and not their *legality*, that defendant sought to establish by the introduction of these papers, and they were the best evidence of the suing out and levy of said attachment. The evidence of the sheriff is uncontradicted that the plaintiff caused the levy to be made upon the property here sued for, by pointing it out to him as the property of the defendant.

Nor was there error in allowing the claim of exemptions filed by defendant in the justice's court, along with the other papers in the attachment suit, to be introduced in evidence in this case. It was competent to show by the introduction of this as well as the other papers, that that suit was instituted on the assertion and claim by plaintiff, that the property was defendant's, especially as the evidence shows, that after the filing of this paper, the plaintiff did not contest the claim of exemption, but dismissed the levy. It is stated, he dismissed the attachment, but that evidently means the levy, since there is no such thing as dismissing a suit out of court, in which a judgment or decree has been rendered, and still exists.

From what has been said it manifestly appears, that in this attachment proceeding, the plaintiff unequivocally recognized the property as defendant's, and sought to subject it in a manner, wholly inconsistent with the retention of title in himself, when he sold the property to defendant. He thereby waived any title he might have had to the property, and could not afterwards institute this suit maintainable only on the theory of title in himself.—*Thomason v. Lewis*, 103 Ala. 426; *Montgomery Iron Works v. Smith*, 98 Ala. 644; *Lehman, Durr & Co. v. Van Winkle*, 92 Ala. 443; *Tanner v. Hale*, 89 Ala. 628.

There was no error in giving the general charge for the appellee.

Affirmed.