# Hickman *v.* Richburg.

### *Statutory Trial of Right of Property.*

1. *Mechanic's and material-man's lien; attempt to enforce it abandonment of title reserved in conditional sale.*—An attempt, though ineffectual, to establish a material-man's lien on lumber which was sold under a conditional sale, the seller reserving the title thereto until payment of the purchase price, is a waiver and abandonment of the title reserved in said sale.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. W. FOSTER.

This was a statutory trial of the right of property and arose in the following manner: The appellant, P. N. Hickman, recovered a judgment against one Bullard. Upon this judgment execution was issued and levied upon a certain lot of lumber which was in the possession

[Hickman v. Richburg.]

of said Bullard.   Thereupon the appellee, Richburg, in-
terposed a claim to the lumber so levied upon and made
affidavit and gave bond; and an issue was made up be-
tween the plaintiff in execution and the claimant, to try
the right of property in said lumber.   The facts of the
case, as disclosed on this trial, are sufficiently set forth
in the opinion.

Upon the introduction of all the evidence, the court
at the request of the claimant, gave the general affirma-
tive charge in his behalf.   The plaintiff duly excepted
to the giving of this charge, and also duly excepted to
the court's refusal to give the general affirmative charge
requested by him.

There were verdict and judgment for the claimant.
The plaintiff appeals, and assigns as error the giving of
the affirmative charge requested by the claimant, and
the refusal to give the general affirmative charge re-
quested by the plaintiff.

W. O. MULKEY and P. N. HICKMAN, for appellant.
The right to claim the lumber under the original con-
tract and the right to charge it with the payment of the
debt under the material-man's lien law, are inconsistent
rights, and an election to pursue the latter, and thereby
treat the property as belonging to the debtor, would be
an abandonment of all rights under the original con-
tract.   Claimant had the right to rely on the original
contract and take the lumber.   In that event he would
not have any debt remaining against the defendant.
Claimant also had the right to file and enforce a lien
against the lumber and sell and get the benefit of it, and
then have a balance of debt against the defendant, in
case the lumber did not bring sufficient to pay the debt.
This was higher and better security than retaining the
title to the lumber.   The claimant pursued this course
and attempted to fasten this lien upon the property,
and as he says himself, he intended it to operate as a
lien upon the property.   Claimant thereby elected to
rely upon the lien, and waived his retained title and
abandoned it.—*Sumner v. Woods,* 67 Ala. 139; *Wool-
dridge v. Holmes,* 78 Ala. 568; *Tanner v. Hall,* 89 Ala.

[Hickman v. Richburg.]

630; *Thomason v. Lewis,* 15 So. Rep. 830; *Montgomery Iron Works v. Smith,* 98 Ala. 646.

No counsel marked as appearing for appellee.

DOWDELL, J.—The evidence without conflict shows that the lumber which was levied upon by the plaintiff in execution was sold by the claimant to the defendant in execution on or about the 1st of February, 1898. That the claimant at the time of the contract of sale of said lumber, by the express terms of his contract with the defendant, reserved the title to the lumber until the payment of the purchase money was made. The plaintiff's execution was levied on the lumber in the possession of the defendant on the 15th day of March, 1898, and on the 16th day of March, the day following the levy, the claimant filed a sworn statement of his account against the defendant for the lumber, in the office of the probate judge of Coffee county, with the purpose and intention of fixing and creating a material-man's lien on the lumber in question under the statute. This attempt on the part of the claimant to create the lien was ineffectual by reason of a failure to comply with all the requirements of the statute in the statement so filed. The claimant testified that when he filed his claim and statement in the office of the probate judge, he thought that it was a lien, and that he intended it to operate as such. After such attempt on the part of the claimant to create a lien, on the 24th day of March, 1898, he filed his affidavit and claim to the property levied upon. The material and only question in the case is whether the claimant, by his action and conduct in filing the claim and statement with the probate judge for the purpose and with the intention of creating a material-man's lien, thereby waived and abandoned the title reserved at the time of the contract of sale to the defendant. "The retention of title by the seller is a clause of the contract inserted for his benefit. It is, at most, a form of security for the payment of the purchase money. It is not absolute ownership; for payment of the debt, or tender within a reasonable time, kept good, would divest the

[Hickman v. Richburg.]

seller's title. So far as the rights of the purchasers were concerned, they were the owners of the property, subject only to the right and option of the seller to assert his reserved title, and the security it afforded. He alone could assert this, and he had the equal right to waive it, and treat his claim as an ordinary debt of the purchasers."—*Tanner & DeLancy Engine Co. v. Hall,* 89 Ala. 628.

In the case of *Fuller v. Eames,* 108 Ala. 464, it was decided, that where a party claiming title to the property in question had previously sued out an attachment against the defendant, having the same levied upon the property as the property of the defendant, although said attachment suit was subsequently dismissed, the plaintiff could not afterwards, in a detinue action, claim title in himself under a contract with the defendant wherein he had reserved title as vendor until the purchase money was paid. In such case, he was held by his action in bringing the attachment suit to have waived any title he might have had to the property. It was said in that case that the plaintiff, by his proceeding in attachment, unequivocally recognized the property as defendant's, and sought to subject it in a manner wholly inconsistent with the retention of title in himself when he sold the property to the defendant.

In the case of *Lehman, Durr & Co. v. Van Winkle & Co.,* 92 Ala. 443, the vendor of the property had perfected a material-man's lien under the statute, but subsequently, by novated contract, in which the title to the property was reserved to the vendor until the payment of the purchase money, some of the purchase money notes being extended beyond the time within which the lien created under the statute could be enforced, and which effectually destroyed the statutory lien, it was held, that a suit brought to enforce the lien subsequent to the novated contract, although afterwards dismissed on advice of counsel that there was no lien to enforce, such action was an unequivocal election to treat the property as that of the defendants; and wholly inconsistent with the retention of title in the vendors under the novated contract.

41

[Hickman v. Richburg.]

It would seem from these authorities, that the question of election is not made dependent upon whether such election may be rendered effectual or not. Any unequivocal act on the part of the vendor, recognizing the title as being in the vendee, will preclude such vendor from afterwards setting up title in himself; and it is also well settled, that when an election between inconsistent rights is once made, it cannot be afterwards revoked. It is clear that the claimant in this case could not, under the statute, fix a material-man's lien upon property the title to which was in himself, and when he filed his claim and statement with the probate judge for the purpose of creating a lien upon the lumber in question, this was an unequivocal act on his part to treat the lumber as the property of the defendant in execution, and of course a waiver and abandonment of the title reserved on the sale.—*Fuller v. Eames,* 108 Ala. 464; *Montgomery Iron Works v. Smith,* 98 Ala. 644; *Thomason v. Lewis,* 103 Ala. 426; *Lehman, Durr & Co. v. Van Winkle & Co.,* 92 Ala. 443.

The circuit court erred in giving the written charge requested by the claimant and in refusing the charge requested by plaintiff. For these errors the judgment of the circuit court is reversed and the cause remanded.