## W. W. BIERCE, LIMITED, *v.* C. J. HUTCHINS, TRUSTEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED NOVEMBER 14, 1904.    DECIDED JANUARY 28, 1905.

FREAR, C.J., HARTWELL AND HATCH, JJ.

ELECTION BETWEEN INCONSISTENT REMEDIES—*materialman's lien and replevin, in case of conditional sale.*

An election of a remedy based on one theory, as, for example, in the case of a conditional sale, the enforcement of a materialman's lien, which assumes that the property is in the defendant, estops the plaintiff from afterwards pursuing a different remedy based on an inconsistent theory, as, for example, an action of replevin, which assumes that the property is still in the plaintiff. An election is of rights rather than of remedies, though usually referred to as the latter, and, once made, is final, even though the action which evidences it is not carried to final judgment.

ID.—*distinguished from mistake of remedies.*

There is no election where the first remedy is adopted through ignorance of the facts or under some circumstances through ignorance of legal rights and would necessarily be ineffectual, but in

this· case the court cannot say that the first remedy was adopted
through such ignorance or that it would have been ineffectual.

MATERIALMAN'S LIEN—*lienable and nonlienable items under entire con-*
*tract.*

A materialman's lien cannot be enforced for lienable items under
an entire contract which covers nonlienable items also, but in this
case the court holds that the prices of at least some of the lienable
items is severable.

OPINION OF THE COURT BY FREAR, C.J.

This is an action of replevin for certain rails, cars, locomo-
tives, equipment and materials of a railroad on the plantation
of the Kona Sugar Co., Ltd., all of the property of which com-
pany had been purchased by the defendant at a receiver's sale.
The plaintiff had delivered this railroad property to the com-
pany under an agreement claimed by the plaintiff to be a condi-
tional sale and so held by the trial judge, who heard the case,
jury waived, and rendered judgment for the return of the prop-
erty and $1030 damages and an alternate judgment for $22,000
in case the property should not be returned. The case is brought
here by the defendant upon numerous exceptions. It has been
argued and briefed at considerable length upon many points,
but, in the view that we take, it will be sufficient to decide the
single point as to whether the plaintiff is estopped from bringing
this action of replevin, based on the theory that the title to the
property is in itself, for the reason that it had previously elected
to pursue an inconsistent remedy, namely, by bringing an action
for the price of the property and to enforce a materialman's
lien for the same, on the theory that the title to the property
had passed to the vendee, the Kona Sugar Company.

It is a well settled principle of law that when a person adopts
one of two or more inconsistent positions, whether in litigation
or in pais, he cannot afterwards repudiate that position and
adopt another. Any decisive act with knowledge of his rights
and the facts determine his election and work an estoppel. In
order to work an estoppel upon the principle of election it is not
necessary that the course first adopted should be pursued to com-

pletion or that it should result in success or satisfaction. . When there are two or more consistent remedies they may be pursued successively at pleasure, and there will be no estoppel as to one until satisfaction has been obtained in another. But the rule is entirely different as respects inconsistent remedies or rather remedies based upon inconsistent theories. As soon as one is chosen the decision is final and no other inconsistent remedy can be pursued. The doctrine of election is not a mere matter of remedies, although it is often spoken of as if it were. It is really a matter of rights. The election is of rights rather than of remedies, the latter being the evidence of the former. These propositions do not seem to be questioned by the plaintiff and they are sustained by the cases cited infra.

Just how far a vendor may go in enforcing payment of the purchase price in the case of a conditional sale, which for present purposes we will assume this sale to be, is a matter of some diversity of opinion. It may be that a mere action for the price, although carried to judgment, should not be held to amount to an election where by the very terms of the contract the title is to remain in the vendor until payment of the price, for in such case an action alone for the price would not necessarily assume that the title had passed to the vendee inconsistently with the terms of the contract, and it would seem to be immaterial on the question of the transfer of title whether the payment, upon which such transfer would take place under the terms of the contract, were voluntary or forced through legal proceedings. Such was the holding in *Thomason v. Lewis,* 103 Ala. 426, 15 So. 830 (see also *Campbell Mfg. Co. v. Rockaway Pub. Co.,* 56 N. J. L. 676), although perhaps the weight of authority is the other way. See cases infra. Be that as it may, it seems to be pretty generally held that if the action is accompanied by an attachment upon the propery in question, there will be an estoppel by election, on the theory that an attachment recognizes the title as being in the vendee, although the contrary seems to have been held in *Matthews v. Lucia,* 55 Vt. 308, and perhaps other cases. See *Crompton v. Beach,* 62 Conn. 25;

*Smith v. Barber,* 153 Ind. 322; *Bailey v. Hervey,* 135 Mass. 172; *Fuller v. Eanes,* 108 Ala. 464, 19 So. 366; *Heller v. Elliott,* 45 N. J. L. 564; *Button v. Trader,* 75 Mich. 295; *Parke etc. Co. v. White River etc. Co.,* 101 Cal. 37; *Ormsby v. Dearborn* 116 Mass. 386; *Albright v. Meredith,* 58 Ohio St. 194. In *Bank v. Thomas,* 69 Tex. 237, it was even held that an endorsement of notes given for the purchase price amounted to an election which would preclude the right to reclaim the property, because a transfer of the notes did not amount to an assignment of the contract which provided for the retention of the title, but was a separation of the right to the price from the right to the property, which put it out of the power of the vendor to restore the notes in case he should desire to enforce the claim to the property. It was further held that the right to reclaim the property could not be restored by taking back the notes. In the present case the greater part of the purchase price was in the form of a note which was afterwards endorsed over by the plaintiff and later endorsed back to it, but we need express no opinion as to the effect of this. Certainly, an attempt to enforce a mechanic's lien or materialman's lien in addition to the allegations in assumpsit in that suit would indicate an election to treat the title to the property as having passed to the vendee as much as an action of assumpsit coupled with an attachment would; and it has been so held by the supreme court of Alabama, which, as shown above, had held that an action alone, though carried to judgment, would not amount to an election. In *Hickman v. Richburg,* 122 Ala. 638, 26 So. 136, it was held that an attempt, though ineffectual, to establish a material man's lien on property sold was an abandonment of the title reserved on the sale. Among other things the court said:

"It would seem, from these authorities, that the question of election is not made dependent upon whether such election may be rendered effectual or not. Any unequivocal act on the part of the vendor, recognizing the title as being in the vendee, will preclude such vendor from afterwards setting up title in himself; and it is also well settled that, when an election between inconsistent rights is once made, it cannot be afterwards revoked.

It is clear that the claimant in this case could not, under the statute, fix a material man's lien upon property the title to which was in himself; and, when he filed his claim and statement with the probate judge for the purpose of creating a lien upon the lumber in question, this was an unequivocal act on his part to treat the lumber as the property of the defendant in execution, and, of course, a waiver and abandonment of the title reserved on the sale."

The same court had made a similar decision previously. *Lehman, Durr & Co. v. Van Winkle,* 92 Ala. 443, 8 So. 870.

Cases, such as *Peninsula El. Co. v. Norris,* 100 Mich. 496, and *Case Mfg. Co. v. Smith,* 40 Fed. 339, which hold that a provision in a contract for a retention of the title does not prevent the enforcement of a lien, are not inconsistent with these propositions. They, on the contrary, show that, so far as such a provision is concerned, the remedy by lien is effectual. They do not hold that, if such a remedy is pursued, the remedy by recovery of the property afterwards would not be precluded.

The plaintiff, without disputing the soundness of these views, seeks to show that they are inapplicable to the present case, upon the principle, which also is generally recognized, that the doctrine of election of remedies does not apply where the remedy first pursued would necessarily be ineffectual. There is a distinction between an election of remedies and a mistake of remedies. An election implies that there are two or more remedies as to which a choice may be made, but if there are not, although the party may suppose that there are, there can be no election. For instance, if one should attempt to enforce a mechanic's or materialman's lien on the theory that he was a subcontractor and it should turn out that he was a principal contractor, he would not be estopped from subsequently enforcing a lien as principal contractor. *McLaughlin v. Austin,* 104 Mich. 489. The institution of a suit mistakenly as subcontractor would not alter the relation between the parties. But the retention of title by a vendor is a privilege reserved for his benefit, which he may waive at pleasure, in which case the sale would become absolute, and if he does waive this right by tak-

ing steps inconsistent with it, he cannot afterwards retrace his steps and by his own act alone restore the title to himself. An attempt to enforce a lien would not, of course, preclude his resorting to other remedies to enforce the payment of the price, provided such remedies were consistent with the theory that the property was in the defendant. There is no election where a party attempts a remedy in ignorance of material facts or under certain circumstances even in ignorance of his legal rights, if the rights of the other party are not prejudiced thereby or the rights of third parties have not intervened. It is contended by the defendant that the Kona Sugar Company and its creditors were prejudiced by the conduct of the plaintiff in pursuing its remedy under the materialman's lien law for a long period without asserting a claim to the property. As to that no opinion need be expressed. A remedy is not ineffectual, however, within the meaning of this doctrine merely because, although it may be carried to final judgment, little or nothing may be realized or satisfaction may not be obtained. In the present case the attorney who instituted the suit to enforce the materialman's lien testified in substance that that suit rather than an action to recover the property was brought in the first instance because the latter would have meant the collapse of the plantation at once on account of the railroad being essential to the taking off of a portion of the crop, and that it was discontinued because it was found that the plantation was running behind and it would be impossible to save any of its assets to pay anybody and useless to do anything to rehabilitate the plantation; and it is contended that the suit to enforce the lien was brought without much thought as to its effectiveness or results. Similar contentions have been made in other cases without success. For instance, in *Lehman, Durr & Co. v. Van Winkle,* supra, as stated in *Hickman v. Richburg,* supra, "the vendor of the property had perfected a materialman's lien under the statute, but subsequently, by novated contract, in which the title to the property was reserved to the vendor until the payment of the purchase money, some of the purchase-money notes being

extended beyond the time within which the lien created under
the statute could be enforced, and which effectually destroyed
the statutory lien, it was held that a suit brought to enforce the
lien subsequent to the novated contract, although afterwards
dismissed on advice of counsel that there was no lien to enforce,
such action was an unequivocal election to treat the property as
that of the defendants, and wholly inconsistent with the reten-
tion of title in the vendors under the novated contract." It
may be remarked in passing that the plaintiff in the present
case relies upon a novated contract. In *Richards v. Schreiber,*
98 Ia. 422, it is claimed that an action for the price with an
attachment was hastily brought by attorneys not fully advised
of the facts and that it should not be treated as an election of
remedies, but the court said that there was nothing to show that
the action was not brought with full knowledge of all the facts
and that it should be given the effect of an election to treat the
property as sold absolutely. This might equally well be said in
the present case. In *Heller v. Elliott,* supra, an action with
attachment proceedings was held an election although it was
discontinued. In that case the claim was made that the action
was brought in ignorance of the facts and that therefore it should
not be held to be evidence of an election, but it appeared by
the evidence that the ignorance consisted merely in the supposi-
tion that the goods were out of reach and therefore could not be
recovered specifically. In *Hickman v. Richburg,* supra, an elec-
tion was held to have been made where the attempt to enforce
the lien was ineffective because of the insufficiency of the pre-
liminary statement that was filed for the purpose of securing a
lien.

What the plaintiff relies upon principally, however, in order
to show that there was no remedy under the materialman's lien
law is its contention that since some of the property that was
sold, as, for instance, the cars and locomotives, were nonlienable
(because they were not and could not be attached to the realty),
and since the contract was entire (because all of the goods were
sold for a lump sum), the price of the lienable items could not

be severed and therefore no lien could be enforced as to any of the items. It is no doubt true that a lien cannot be enforced for lienable items under an entire contract which covers non-lienable items also, but in our opinion the contract in the present case is not such as to prevent a severance of the price of the lienable items from the price of the nonlienable items. The original contract of February 21, 1900, specifies in detail the various items and the prices of each item as well as other terms relating to delivery, payment, etc. The property was shipped in accordance with the terms of that contract, but the bills of lading and the property were not delivered for the reason that the drafts, which, with the bills of lading, were sent to a third party for collection, were not paid. A supplementary contract was accordingly made March 13, 1901, purporting to be "in settlement of the contract" previously made. Under this latter arrangement it was agreed that the Kona Sugar Company should pay $10,000 in cash and give its note for the sum of $37,044.53 payable in six months with interest at $7\frac{1}{2}$ per cent. and secured by the Kona Sugar Company's first mortgage bonds as collateral, whereupon the plaintiff was to deliver the property upon the condition that it should remain the property of the plaintiff until the payment of the note. This arrangement was carried out. The total amount, including the cash and the note under this arrangement, was $47,044.53. The aggregate amounts under the first arrangement, it is said, would be about $45,000. Probably the difference between these two amounts covered expenses that had occurred meanwhile for storage or otherwise. The first of these contracts is made a portion of the second by express reference. They must be construed together. The first shows that the price for at least a portion of the lienable materials may be ascertained.

It may be added that it is at least doubtful whether, assuming that the contract was entire so far as now appears, the court should in the present case go into the question whether the attempt to enforce a lien might have terminated successfully in whole or in part, for it is impossible to say what evidence

might have been introduced in that case. The plaintiff in instituting that proceeding was not ignorant of any of the facts. Its contention is that it did not know the law or rather that it did not take sufficient pains to ascertain the law. The ground, apparently an after-thought, now relied on to show that that suit would have been ineffectual is not one of the jurisdiction of the court or any proposition of law that would clearly show that those proceedings would have been ineffectual. It depends in part at least upon the evidence, and there is no certainty as to what that might have been in that case. That case was not carried to final judgment. It is hardly proper to try it in full as a side issue in the present case. Nor need we say whether, if a lien could not have been enforced because the contract was entire, there would be no estoppel by election.

It has been settled in this jurisdiction that the findings of fact of a trial court, jury waived, have the same force as the verdict of a jury, but upon the question of election in this case the material facts are undisputed and the construction of the contracts, which are in writing, is a matter of law for the court. Under such circumstances this court may reverse the findings and judgment of the trial court, and it does so in this case.

The exceptions, so far as they raise the question of election, are sustained, the judgment of the trial court is reversed and the case is remanded to that court for such further proceedings as may be proper.

*Kinney, McClanahan & Cooper, S. H. Derby* and *C. A. Galbraith* for the plaintiff.

*J. W. Cathcart, Castle & Withington* and *W. L. Whitney* for the defendant.