(77 South. 430)

**BARBOUR PLUMBING, HEATING & ELECTRIC CO. v. EWING.**

(6 Div. 31.)

(Court of Appeals of Alabama. Nov. 13, 1917. Rehearing Denied Dec. 18, 1917.)

1. FRAUDS, STATUTE OF &#9684;&#8658;84—CONDITIONAL SALE—ORAL CONTRACT.

Oral contract between seller and buyer of a heating plant that the sale was conditional, and that title should not vest in buyer until full payment, being made with reference to personal property, did not violate the statute of frauds.

2. FIXTURES &#9684;&#8658;18(3) — CONDITIONAL SALE—HEATING PLANT.

By oral conditional sale contract as to heating plant the status of the property as personal property, with right of removal in the seller, was preserved as against prior mortgagee of the realty where it was installed, unless by subsequent conduct the parties manifested an intention to attach the property to the real estate as a permanent fixture.

3. FIXTURES &#9684;&#8658;4—PERMANENT ANNEXATION.

Where there is actual annexation of personalty to realty, application thereof to the use or purpose to which that part of the realty, with which it is connected, is appropriated, and the parties intend to make thereby a permanent accession to the freehold, the chattel loses its character as personal property and becomes real estate.

4. FIXTURES &#9684;&#8658;33 — REMOVAL — WAIVER OF RIGHT—FILING LIEN.

Conditional seller of heating plant installed in a hospital which was subject to a mortgage, by filing statutory lien on the hospital property, recognized the title as being in the mortgagor, and was thereby precluded from setting up title against the mortgagee; such election between inconsistent rights being irrevocable.

5. APPEAL AND ERROR &#9684;&#8658;1079—WAIVER OF ASSIGNMENTS OF ERROR.

Merely referring to a ruling made the basis of an assignment of error and stating that such ruling is error is not insistence on such an assignment, and it must be deemed waived.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by I. C. Ewing against the Barbour Plumbing, Heating & Electric Company. From judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied 201 Ala. 237, 77 South. 763.

This is an action for damages, brought by the appellee against the appellant, for a trespass to realty, and for conversion. From a judgment in favor of plaintiff, the defendant appeals.

The facts necessary to a decision of the questions involved are as follows:

Prior to the acts complained of and set out in the complaint, the appellee had become the owner of two mortgages executed by one Gnassi and wife, the former of whom then held the legal title to the property described in said mortgages. These mortgages conveyed the legal title to the premises in question, and the transfers of the mortgages to the appellee conveyed the legal title to appellee. The debts secured by each of the mortgages was in default, and had been so declared, and the appellee, at the time of the wrongs complained of, was, under these mortgages, vested with the legal title in and to the property, with the right of immediate possession.

There was evidence tending to show that one of these mortgages had been foreclosed at the time of the wrongs complained of, and it was undisputed that the mortgage was foreclosed on the 3d day of the month in which the property was claimed to have been removed from the premises. There was evidence for the appellee tending to show that prior to the execution of one of these mortgages the appellee, acting under a contract with the mortgagor, who was then in possession of the premises, using the same as a private hospital or infirmary, had installed in said premises a system of heating, consisting of a boiler, the necessary piping, and some 25 radiators, placed in the various rooms in the building.

The evidence for the appellant tended to show that this steam-heating system was installed on the premises after the execution of both of the mortgages in question. The evidence was without conflict to the effect that after the law day of these mortgages had passed, and after the appellee was vested with the legal title to the property, coupled with the immediate right of possession, the appellant went upon the premises in question, and removed therefrom the boiler and radiators theretofore installed by him. There was evidence for the appellee tending to show that the removal of the boiler and radiators left holes in the floors in the various rooms, and that damage was done to the house in the course of the removal, and by reason thereof.

In installing the plant the boiler was placed on a concrete station in the basement, and pipes were run underneath the floors of the building and up through the floors to the various radiators, which were connected with the pipes. To connect the pipes with the radiators, it was necessary that holes be bored in the floors, which were left there at the time the radiators were removed. The sills or joists on which the floors rested were cut and notched in various places to permit passage of the pipes. There was evidence for the appellee tending to show that the building could not be used for the purposes for which it had been designed without a heat-

ing plant, and that this heating plant was the only method used in heating the building. It was also in evidence without conflict that there was a verbal contract between the mortgagor, Gnassi, and the appellant, to the effect that the plant should remain the property of the appellant until fully paid for, that the sale was a conditional one, and that the title was not to vest in the mortgagor until full payment had been made. The evidence was without conflict that, after the completion of the work, the appellant filed in the office of the probate judge of Jefferson county, Ala., its statement, seeking to establish a statutory lien on the real estate in question, to secure the amount due for the material and labor used in the installation of the steam-heating plant. There was evidence as to the damage done to the realty by the removal of the heating system, and also as to the value of the property removed. There was also evidence tending to show that it was the intention of the party in possession of the premises at the time such fixtures were installed to make them a part of the realty.

Joel F. Webb, of Birmingham, for appellant. Cabaniss & Bowie and Leader & Ewing, all of Birmingham, for appellee.

SAMFORD, J. [1-3] The insistence of the appellant is that it had the right to remove the articles which it did remove, by reason of the agreement had with Dr. Gnassi, the owner, who was at that time in possession, that the title should remain in appellant until the amount due on the heating plant was paid. This contract was oral, but, being made with reference to personal property, was not offensive to the statute of frauds, and as between Dr. Gnassi and the defendant was valid and binding. Broaddus et al. v. Smith, 121 Ala. 337, 338, 26 South. 34, 77 Am. St. Rep. 61; Harris v. Powers, 57 Ala. 139; Foster v. Mabe, 4 Ala. 402, 37 Am. Dec. 749. By contract between the parties the status of the chattel as personal property was preserved, unless their subsequent conduct manifested an intention on their part to attach this property to the real estate as a permanent fixture (Broaddus et al. v. Smith, supra), and if its status as personal property was not thus destroyed, there could be no doubt but that the defendant would have had the right to remove the property. There was much evidence in this case tending to prove that it was the intention of the mortgagor that the heating plant should become a permanent fixture, and some evidence that the vendor had such intention at the time the work was done, as was evidenced by the filing of a statutory lien against the real estate to which the heating plant was attached, and it was not until long after the amount was due and unpaid, and the mortgages were in process of foreclosure, that the vendor undertook to repossess itself of the heating plant under the oral retention title contract. In addition to this, there was much evidence tending to show an actual annexation to the realty; application to the use or purpose to which that part of the realty with which it is connected is appropriated; the intention of the parties making the annexation to make a permanent accession to the freehold. When these three things concur, the chattel loses its character as personal property and becomes real estate. Tillman v. De Lacy, 80 Ala. 105; Quinby v. Manhattan C. & C. Co., 24 N. J. Eq. 260.

[4] Besides and in addition to the foregoing, the defendant, by filing its lien on the property where the heating plant had been installed, recognized the title as being in the mortgagor, Dr. Gnassi, and precludes it from now setting up title in itself. An election between inconsistent rights, having been once made, cannot be afterwards revoked. Hickman v. Richburg, 122 Ala. 642, 26 South. 136; Fuller v. Eames, 108 Ala. 464, 19 South. 366; Montgomery Iron Works v. Smith, 98 Ala. 644, 13 South. 525; Lehman, Durr & Co. v. Van Winkle & Co., 92 Ala. 443, 8 South. 870.

[5] The other assignments of error are not insisted upon in appellant's brief. Merely referring to a ruling made the basis of an assignment of error, and stating that such ruling is error, is not an insistence on such an assignment, and such assignment must be held to be waived. Williams v. Spragins, 102 Ala. 424, 15 South. 247; Syllacauga Land Co. v. Hendrix, 103 Ala. 254, 15 South. 594. If counsel, in the preparation of briefs, would adhere to rule 10 of the Supreme Court (61 South. vii[1]), adopted June 23, 1913, the decision of cases would be less difficult to the court and more satisfactory to litigants.

The rulings of the trial court were in line with the foregoing principles. We find no error in the record, and the judgment is affirmed.

Affirmed.