163 So. 657

**FARMERS & MERCHANTS BANK v. SAWYER et al.**

**3 Div. 765.**

Court of Appeals of Alabama.

June 25, 1935.

Rehearing Denied Aug. 27, 1935.

Leon G. Brooks, of Brewton, for appellant.

H. C. Rankin, of Brewton, for appellees.

RICE, Judge.

Appellees owned a lot. They built for themselves, to be used as a residence, a dwelling house thereon, in which they installed (through artisans) the articles—two lavatories, a bathtub, an ironing board, a water heater, a porch ceiling light fixture, six bracket wall light fixtures, and nine ceiling light fixtures—the subject of this suit. Each and every one of the articles named was connected in some physical manner with the building erected, and used by appellees for its respective purpose. They might well be termed collectively the plumbing and electric light fixtures of the residence. That is, all except the ironing board, which was built into a wall of the house.

After the construction of the house mentioned, and after and while it was occupied by appellees as a residence, appellant became the owner of same, and entitled to the immediate possession thereof, through valid conveyances to it by appellees.

After this time appellees disconnected and took away and assumed possession of each of the articles mentioned.

This suit—about the form of which no question is raised—has, by common consent, the purpose of determining the ownership of the articles named.

It might be said to be agreed that if the articles—admittedly chattels—had never been, by their annexation to, and use in connection with, the dwelling house in question, converted into a part of the realty, or that the jury was authorized *to find* from the evidence in the case, that this was true, then the judgment appealed from should be affirmed.

Upon the other hand, if the articles *had* become, on the undisputed evidence (for it *is* undisputed), as a matter of law, a part of the realty, the trial court was in error in refusing to give to the jury at appellant's request, the general affirmative charge (with hypothesis) to find in its favor.

The books are full of cases dealing with the general subject of what is a "fix-

ture." That is, "an article which was once a chattel, but which, by being physically annexed or affixed to the realty, has become accessory to it and part and parcel of it." See 11 R. C. L., p. 1057 et seq. But we find no Alabama case dealing with a set of facts in all respects similar to that before us.

Our investigation, however, leads us to the clear conclusion that the articles here in question are to be considered, in the light of utterances of our Supreme Court, and the general law on the subject, *fixtures*, as the term is hereinabove defined.

We will endeavor to state the reasons for our said conclusion, to wit:

In the case of Tillman v. De Lacy, 80 Ala. 103, the Supreme Court, speaking through Mr. Justice Clopton, said:

"The requisites to convert a chattel into a part of the realty are clearly and succinctly stated in Quinby v. Manhattan C. & [P.] C. Co., 24 N. J. Eq. 260. 1st,—Actual annexation to the realty, or something appurtenant thereto. 2d,—Application to the use or purpose to which that part of the realty, with which it is connected, is appropriated. 3rd,—The intention of the party making the annexation, to make a permanent accession to the freehold. Teaff v. Hewitt, 1 Ohio St. 511 (59 Am. Dec. 634). It may be regarded as a settled rule, that any chattel, permanently annexed to the freehold, and which can not be severed without material injury to the premises, becomes a part of the realty, irrespective of the intention with which it was attached. * * *

"Whilst it is not essential to a fixture, that the connection with the freehold shall be to such degree, that it cannot be severed without breaking, or lasting injury to the premises, actual annexation to some degree and in some mode, though it may be slight and indirect or constructive, ordinarily is regarded as requisite.

"The permanency of the attachment does not depend on the strength, or force, or manner of the annexation to the freehold, so much as upon its constancy, and upon the uses to which the attached chattel is adapted; the purposes for which designed, and the intention of the party in attaching it. The current of modern decision is, 'in favor of viewing everything as a fixture, which has been attached to the realty, with a view to the purposes for which it is held or employed, however slight or temporary the connection between them.' 2 Smith,

Lead. Cas. 221. The general tendency of decision regards the uses for which the chattel is designed, its adaptability to the part of the realty where it is placed, and the intention of the parties, whether for temporary use, or as a permanent accession to the freehold, as leading tests."

█ And while it is true that "generally, the question whether or not a particular article is a chattel or fixture is a mixed question of law and fact," still, "when the facts are admitted or undisputed *the question of law* only remains." (Italics ours.) 11 R. C. L. p. 1092.

█ Also, we find ourselves in accord with the statement in the same volume and on the same page of Ruling Case Law we have just cited that "where articles are stamped with the appearance of fixtures by their mode of annexation, they pass by a conveyance, and evidence of the intent of the vendor in placing certain articles on the realty * * * is not competent to vary the terms and effect of the deed." As said by the New Hampshire court: "The destination which gives to movable objects an immovable character, results from facts and circumstances determined by the law itself, and can neither be established nor taken away by the secret, unexecuted purpose or intention of the owner." Wadleigh v. Janvrin, 41 N. H. 503, 77 Am. Dec. 780.

Of course the above is not to be understood as indicating that one may not—as between mortgagor and mortgagee—have a valid *agreement* that an article placed on the realty may *retain* its character as a chattel. Clements v. Morton, 200 Ala. 390, 76 So. 306. But we have nothing of that sort here.

█ The articles in question, their mode of annexation, use, and purposes, meet, to our minds, every test laid down in the above-cited case of Tillman v. De Lacy for converting a chattel into a fixture, or part of the realty. And we see nothing in the testimony, other than by the barest speculation—which is not sufficient—tending to show that they were not placed in, and attached to, the house as such. See Barbour Plumbing, Heating & Electric Co. v. Ewing, 16 Ala. App. 280, 77 So. 430; and Moody, Judge of Probate, v. Terrell-Hedges Co., 16 Ala. App. 441, 78 So. 639.

The judgment is reversed, and the cause remanded.

Reversed and remanded.