Glenn N. Baxter, Tuscaloosa, Ala., for plaintiff.

Albert G. Lewis, III, Tuscaloosa, Ala., for defendants.

**In re Donald Jackson BLACK and Glenda Adele Parkel Black, Debtor.**

**TRANSAMERICA FINANCIAL SERVICES, INC., Plaintiff,**

**v.**

**Donald Jackson BLACK and Glenda Adele Parkel Black, Defendants.**

**Bankruptcy No. 88–04999.**

United States Bankruptcy Court, N.D. Alabama.

Dec. 29, 1988.

## MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Chief Judge.

This matter came before the Court on the Plaintiff's Motion to Determine Secured Status and Objection to Claim of Exemptions. The issue involved is whether an above-ground swimming pool is a fixture. After a trial and consideration of the applicable law, it is the opinion of the Court that the above-ground pool is not a fixture and therefore not subject to the mortgage with Transamerica Financial Services, Inc. This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FINDINGS OF FACT

The debtor/defendant purchased an above-ground swimming pool from Inland Pools, Inc. Inland Pools took a security interest in the pool and filed a UCC–1 Financing Statement, with the debtors' deed attached, in the appropriate county probate office, and the same was listed in the index to real estate mortgages. The debtors subsequently assembled and placed the pool in their back yard.

In April of 1987 the debtors executed a mortgage loan with Transamerica Financial Services, Inc. Transamerica paid off the seller of the swimming pool and a cancellation of the financing statement was filed of record. The debtor subsequently filed a

Chapter 7 Bankruptcy Petition on May 24, 1988.

After the filing of the Chapter 7 petition, the debtors abandoned their home but disassembled the pool and took it with them. The plaintiff (Transamerica) contends that the pool is a fixture and is therefore subject to its mortgage.

This Court must now decide whether an above-ground swimming pool is a fixture. If so, the pool will be subject to the mortgage with Transamerica, but if the pool is not a fixture then it may properly be claimed as exempt personality under Alabama Code Section 6–10–6 to the extent it does not exceed the statutory amount allowed by Section 6–10–6.[1]

### CONCLUSIONS OF LAW

A fixture has been defined as "an article which was once a chattel, but which, by being physically annexed or affixed to the realty, has become accessory to it and part and parcel of it." *Farmers and Merchants Bank v. Sawyer*, 26 Ala.App. 520, 522 163 So. 657, 658 (1935). There being no precise definition of a fixture [2], it is "only from an examination of the circumstances of each case that doubt may be resolved as to whether a certain item is a fixture." *Milford v. Tennessee River Pulp and Paper Company*, 355 So.2d 687, 690 (Ala. 1978). In *Langston v. State*, 96 Ala. 44, 46, 11 So. 334, 335 (1891) the Alabama Supreme Court set forth a three-prong test for making the determination. The elements of this test include:

(1) Actual annexation to the realty or to something appurtenant thereto: (2) Appropriateness to the use or purposes of that part of the realty with which it is connected; (3) The intention of the party making the annexation of making perma-

nent attachment to the freehold. This intention of the party making the annexation is inferred; (a) From the nature of the articles annexed; (b) The relation of the party making the annexation; (c) The structure and mode of annexation; (d) The purposes and uses for which the annexation has been made.

### 1. ACTUAL ANNEXATION

The strength and permanence of the anchoring foundation, while not conclusive, is a factor to be considered. *Langston*, 11 So. at 335. In the case at bar, the pool lacked any anchoring devices. The pool was not cemented in or blocked off. Trial testimony revealed that sometime after the debtors assembled the pool, they constructed a wooden deck around it. Such action appears to be a method of anchoring the pool, however; the debtors subsequently decided to remove the deck and attach it to the house to serve as a front porch. This subsequent action by the debtors is a strong indication that they did not view or intend for the pool to be permanently affixed or anchored, but rather considered it to be movable. The fact that the pool was not anchored in any way and that structures associated with or connected to the pool have been freely moved and adapted to other uses convinces this Court that the first prong of the test should be viewed as indicia of the pool lacking fixture status.

### 2. APPROPRIATENESS TO PURPOSE OF REALTY

Clearly a back yard swimming pool is appropriate for personal family use in a residential setting. Equally clear is the fact that a swimming pool is useful for only a limited period of the year. An above-ground pool can be assembled and disassembled within a few hours [3] thus in-

---

1. Alabama Code Section 6–10–6 provides:
   The personal property of such resident, except for wages, salaries or other compensation, to the extent of the resident's interest therein, to the amount of $3,000.00 in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures and all books used in the family shall also be exempt from levy and sale under execution or other process for the collection of debts. No wages, salaries, or other compensation shall be exempt except as provided in section 5–19–15 or Section 6–10–7.

2. See *Walker v. Tillis*, 188 Ala. 313, 66 So. 54 (1914).

3. The debtors testified that assembly time had taken approximately three hours.

dicating that disassembly and removal of the pool during periods of nonuse is equally appropriate for the purposes of the realty.

### 3. INTENTION TO MAKE A PERMANENT ATTACHMENT

Intention is to be inferred from the nature of the articles annexed; the relation of the party making the annexation; structure and mode of annexation; and the purposes and uses for which the annexation was made. *Milford,* 355 So.2d at 690. As previously noted, a wooden deck had been constructed around the pool, but that same deck was removed and used as a front porch to the debtors' home. This action shows a lack of intention to make the pool a permanent attachment. Furthermore, the nature of the pool itself lacks permanency. The ease of assembly/disassembly is one of the pools principle features and as such lends credence to the movable nature of the item. Even though the pool adds to the enjoyment of the residence it is not an essential part of the realty.

### CONCLUSION

After considering each prong of the three part test enunciated in *Langston,* this Court is of the opinion the above-ground swimming pool is not a fixture and therefore not subject to the mortgage executed between the debtors and Transamerica.

This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate order will be entered in accordance with the foregoing.

DONE AND ORDERED.

### ORDER DETERMINING SECURED STATUS AND OVERRULING OBJECTION TO CLAIM OF EXEMPTIONS

This matter having come on for TRIAL on the plaintiff's MOTION TO DETERMINE SECURED STATUS AND OBJECTION TO CLAIM OF EXEMPTIONS and the Court having been fully apprised of the premises and the applicable law, it is, by the Court,

ORDERED, ADJUDGED AND DECREED:

1. That the claims of Transamerica Financial Services, Inc., as to the above-ground swimming pool constituting a fixture and thus subject to the mortgage between the debtors and Transamerica, are hereby determined to be UNSECURED.

2. That Transamerica's objection to claim of exemptions is OVERRULED.

3. That the debtors may claim as exempt personality, under Alabama Code Section 6–10–6, the above-ground swimming pool. Said exemption shall be allowed only to the extent it, along with all other personality exemptions claimed by the debtors, does not exceed the statutory amount allowed by Section 6–10–6.

DONE AND ORDERED.