ADAMS, Justice.
The plaintiff, Janell Sharp, appeals from a declaratory judgment for the defendant, Ethel Sharp. The circuit court held that Ethel’s mobile home was not a “fixture” and, therefore, that Janell, who owned the real property upon which it sat, had no interest in the mobile home. We affirm.
The facts are these:
Marvin Sharp transferred the title to certain real property to his wife, Janell. Janell granted Marvin’s father and stepmother, Fred and Ethel, a life estate in the real property. In 1986, Fred and Ethel purchased a mobile home for $16,740.00. They had it installed on the property subject to the life estate. Marvin and his employees and contractors performed most of the installation.[1]
A year later, Ethel wanted to remove the mobile home from the land and sell it. Janell objected, maintaining that the mobile home had become a fixture and was, therefore, an inseverable part of the real property. Janell sued Ethel, seeking a declaratory judgment concerning any rights and interests that she might have in the mobile home. Ethel counterclaimed and filed a third-party complaint alleging fraud, negligence, and conversion against Marvin and his construction company, M & D Construction, Inc.
After an ore tenus hearing, the trial court determined that the mobile home was not a part of the real property and, therefore, that Ethel could remove it. The court also dismissed Ethel’s counterclaim and the third-party complaint. Janell appeals.
Our attention goes to whether the trial court erred in holding that the mobile home was not a fixture.
We first note that absent a showing that the trial court’s findings were palpably wrong, or manifestly unjust, its decision will go undisturbed on appeal. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). A fixture is “an article *1375 which was once a chattel, but which, by being physically annexed or affixed to the realty, has become accessory to it and part and parcel of it.” Farmers & Merchants Bank v. Sawyer, 26 Ala.App. 520, 522, 163 So. 657, 658 (1935). A determination of whether an article is a chattel or a fixture is a mixed question of law and of fact. Milford v. Tennessee River Pulp & Paper Co., 355 So.2d 687 (Ala.1978). The parties direct our attention to Milford, where this Court listed the prevailing criteria for determining whether an item has become a fixture. Those criteria are:
“ ‘(1) Actual annexation to the realty or to something appurtenant thereto; (2) Appropriateness to the use or purpose of that part of the realty with which it is connected; (3) The intention of the party making the annexation of making permanent attachment to the freehold. This intention of the party making the annexation is inferred; (a) From the nature of the articles annexed; (b) The relation of the party making the annexation; (c) The structure and mode of annexation; (d) The purposes and uses for which the annexation has been made.* ”
Milford, 355 So.2d at 690, quoting from Langston v. State, 96 Ala. 44, 46, 11 So. 334, 335 (1891).
We agree with both parties’ concession that our holding turns on whether the evidence supports the trial court’s conclusion that Ethel did not intend to enhance the value of Janell’s real property by annexing the mobile home to it. In answering this question, we recognize the presumption that items placed on land by a life tenant are intended to remain personal property. That presumption, however, is rebuttable. 36A C.J.S. Fixtures § 31 (1961). Janell devotes a substantial part of her argument to an attempt to rebut that presumption. She argues that the mobile home’s structure and mode of attachment to its foundation evidence an intention to permanently attach it to the real property. This is important, she argues, because Ethel directed many of the activities taken to install the mobile home. Those activities included removing the apparatus that rendered the mobile home mobile; anchoring it to a concrete cement block foundation, constructing a porch, and filling the earth in around the foundation up to the level of the door sill. Janell argues that those factors indicate that Ethel intended that the mobile home become a fixture. The record, however, contains other evidence indicating that Ethel had no intention to permanently attach the mobile home to Janell’s property. Fred and Ethel bought the mobile home with their own money. Neither Fred nor Ethel paid ad valorem taxes on the land; the mobile home was not assessed as realty for tax purposes.[2] Ethel purchased a vehicle tag for the mobile home. The cumulative effect of those factors would suggest that the trial court could find that Ethel had no intention that the mobile home permanently remain on the real property. Finally, the record shows that Marvin had told Ethel that she could remove the mobile home if she would return the property to the same condition it was in prior to the installation of the mobile home. This is borne out by the following colloquy:
“Q. And you’re not letting her move the mobile home because you’re trying to help her; is that right?
“A. I told them when they came there if — no, I don’t want them to move the mobile home. They can do it if they want to put the stuff back like it was the day that they moved it on there.”
The evidence supported the conclusion that Ethel did not intend that the mobile home become a fixture. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. Those activities included constructing a concrete foundation, connecting the power lines to the mobile home, installing a septic tank, and removing the detachable tow bar, wheels, and axles. Additionally, Ethel Sharp contracted for others to hook up water. The mobile home was bolted and tied down to the cement foundation. Finally, a porch was attached.

. See In re Morphis, 30 B.R. 589 (N.D.Ala.Bankr.1983), where the bankruptcy court held that the debtor’s act of claiming a homestead exemption for his mobile home for real estate tax purposes evidenced an intent to permanently affix the mobile home to the realty, so that it became a fixture.