# Morris *v.* Beall.

### *Prohibition to Justice of the Peace.*

1. *Plea in abatement to jurisdiction; presumption in favor of judgment.*—A plea in abatement to the jurisdiction of the court, "on the ground that the judge had no right to hear and pass on any civil matter," having been overruled, and that ruling here assigned as error, while the plea itself is not set out in the record, this court can not say that the ruling was erroneous.

2. *Assigning grounds of demurrer.*—A general demurrer, which does not specify any particular ground or cause of demurrer (Code, § 2690), is properly overruled; as, where it only states that, "though all the allegations in said petition contained were true as alleged, yet this affords no reason in law why said writ of prohibition should issue."

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The appellee in this case, F. W. Beall, applied by petition to the judge of said Criminal Court, for a writ of prohibition against John Morris, a justice of the peace of the county, to prevent him from further proceeding in a cause pending before him, on the ground that the justice resided and had his office outside of the ward or precinct for which he was appointed. The justice appeared in answer to a rule *nisi*, and, as the judgment-entry recites, "filed a plea in abatement to the jurisdiction of the judge of said court, on the ground that said judge had no jurisdiction to hear and pass upon any civil matter." The plea being overruled, the respondent then "demurred to the entire petition, and to each and every count thereof, and for demurrer says that, though

VOL. LXXXV.

all the allegations in said petition contained be true as alleged, yet this affords no reason in law why said writ of prohibition should issue." The court overruled the demurrer, and awarded a peremptory prohibition. These two rulings are now assigned as error.

JOHN MORRIS, and W. T. POE, for appellant.

B. M. ALLEN, *contra.*

SOMERVILLE, J.—The present appeal is taken from a judgment of the Criminal Court of Jefferson county granting a writ of prohibition against a justice of the peace, restraining him from taking jurisdiction of a civil proceeding. It is contended that the judge of that court has no power to grant a writ of prohibition in such a case, which is the exercise of a civil, as distinguished from a criminal jurisdiction. The argument is, that the act approved February 18, 1887, entitled "An act to establish the Criminal Court of Jefferson county" (Acts 1886-87, pp. 835–841), purports on its face to confer jurisdiction only in matters of criminal procedure; and that the clause contained in section 2 of the act, which provides, "the judge shall have and exercise all the jurisdiction and powers which are or may be hereafter lawfully exercised by judges of the Circuit Courts of the State," is foreign to the title of the act, and not clearly expressed in it; and that for this reason it is void for repugnancy to section 2 of Article IV of the Constitution, which declares, that "each law shall contain but one subject, which shall be clearly expressed in the title."—Const. 1875, Art. IV, § 2; Code, 1886, p. 26, and cases there cited. We may admit this contention for the purposes of this case, and yet the judgment must be affirmed, for the following reasons:

There are but two errors assigned, and the question of the constitutionality of the law is not raised by either of them.

The first assigment of error is based on the overruling by the court of a plea in abatement to the jurisdiction of said court, "on the ground that said judge had no right to hear and pass on any civil matter." The form of the plea is not set out in the record, nor is it stated upon what ground it was overruled by the court. We can not say, without an inspection of the plea, that the court erred in overruling it. It may have been defective in substance for various reasons, or may have been filed too late.

[Ricketts v. Birmingham Street Railway Co.]

The only other assignment of error is the overruling by the court of the demurrer to the appellee's petition. This demurrer was general, and failed to state distinctly the special grounds of objection to the petition, as required by the statute.—Code, 1886, § 2690; 3 Brick. Dig., pp. 704-705, §§ 65-84.

The judgment must be affirmed.