[Montgomery Iron Works v. Smith.]

# Montgomery Iron Works *v.* Smith.

*Detinue for the Recovery of Personal Property Sold, with the Retention of Title till Paid for.*

1. *Sale of personal property with retention of title in vendor till purchase money is paid.*— Where personal property is sold on time, and the vendor retains the legal title as security for the payment of the purchase money, and as further security, takes a mortgage on other property, the sale of the mortgaged property at less than the secured debt, does not estop the vendor from asserting his legal title to the property originally sold.

2. *Same.*—If, however, the vendor of personal property retaining the legal title as his security, sues the vendee for the purchase money, puts his debt into judgment and levies execution on, and sells the property, this is an abandonment of his title, and an election to treat the property as belonging to the vendee.

APPEAL from Coffee Circuit Court.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellant, the Montgomery Iron Works, against W. H. Smith, the appellee, to recover possession of certain mill machinery that had been sold by appellant, to said Smith, on time payments. To secure the deferred payments, the sale was conditional, the title to said machinery being retained by the vendor until all the purchase money was paid. To further secure the purchase money, the purchaser delivered to the Montgomery Iron Works a mortgage on a tract of land. Upon default made in the payment as agreed upon for said machinery, the Montgomery Iron Works foreclosed its mortgage on the land, which brought much less than the amount of its debt against Smith for the machinery sold him, and, then proceeded, by this suit, to take possession of the machinery. The defendant, Smith, by plea, denied the right of the plaintiff to recover in this form of action, alleging that by proceeding by foreclosure of the mortgage, the plaintiff had elected to treat the defendant as an ordinary debtor, and to treat said sale to him as absolute, whereby the plaintiff was estopped from setting up his reserved title. To this plea the plaintiff demurred, and the court overruled the demurrer. A trial was had upon the general issue, and the court gave the affirmative charge for the defendant, and refused the general charge asked for the plaintiff. For giving and refusing said charges,

and overruling plaintiffs' demurrer to defendant's plea, errors are assigned in this court.

ARRINGTON & GRAHAM, P. N. HICKMAN and J. D. GARDNER, for appellant.

M. SOLLIE, for appellee.

HARALSON, J.—We have frequently held, that when the vendor of personal property retains the title in himself, until the purchase money is paid, no title passes to the purchaser by the delivery of the property to him.—*Weinstein v. Freyer*, 93 Ala. 257 ; *Tanner & Delaney Engine Co. v. Hall*, 89 Ala. 628 ; *Sumner v. Woods*, 67 Ala. 139 *Fairbanks v. Eureka Co.*, *Ib.* 109 ; *Heinbockle v. Zugbaum*, 51 Am. Rep. 59.

The transaction between the plaintiff and the defendant in this case, was a conditional sale,—a fact which is not controverted.

The whole purchase price for the machinery sold by plaintiff to defendant, was $1,048.35. Eighty dollars was paid in cash, and notes were given for the balance,—$120,— payable in ten days, (the date of sale being the 28th October, 1890), $200 on the 1st of December, 1890, $100 on January 1st, 1891, and $548.35 on 1st October, 1891. No other payment was made on the purchase. On the same day the contract of sale was executed, as appears, the defendant executed and delivered to plaintiff a mortgage on a tract of land, to secure the payment of the three notes first referred to above, amounting together, to the sum of $420. By the terms of the contract, all the notes became due and payable, on default in the payment of either. The defendant pleaded specially (plea No. 3), the fact of the execution and delivery of this mortgage, and averred that after all of the notes for the purchase money for the property had matured, the plaintiff, before this suit was instituted, proceeded to foreclose the mortgage, and to apply the proceeds towards the payment of said notes, whereby, as is averred, the title to said property sued for, became vested in defendant and the plaintiff is estopped to prosecute this suit in detinue for the possession of said property. This is the point of contention in the cause. The plaintiff demurred to the plea, and the court overruled the demurrer.

It is not averred in the plea, that the property sold under the mortgage, brought enough to pay the purchase notes, nor is it shown therein, what the property did bring, at the sale, and this is the point of the demurrer.

The contention of defendant can not be sustained. The title to the property sold, was retained in the plaintiff, as a form of security for the payment of the purchase money. Common experience teaches, that the liability to wear, tear depreciation in value of machinery such as this, while in use, is very great; and the contract entered into bears evidence of an intention on the part of the plaintiff, to provide against loss in this direction. It is expressly stipulated, that all payments made, before default in the payment of the notes, should be treated as payment for the use of the machinery. It is also provided, that upon default in the payment of any of said notes, plaintiff might take possession of said property, or, might sue on all of said notes, if it saw proper; but, it is reiterated in the contract, that the title should remain in plaintiff, and should not become vested in defendant, until all of said notes were paid. We may reasonably infer, under these circumstances, considering the nature of the property sold, its liability to deterioration from use, and the possibilities of loss, on the part of plaintiff in the transaction, that the object it had in taking the mortgage, and in all the other cautionary measures referred to above, so legal and proper to be reserved, was to increase the security for the carrying out of the contract, in the payment of the purchase price for the property sold, and not have it thrown back on plaintiff's hands, worth, perhaps, not half its value when sold to defendant.

If the plaintiff had sued on the notes, recovered judgment and levied execution on, and sold this property, as in *Tanner & DeLaney Engine Co. v. Hall*, 89 Ala. 630; or, having an election between two inconsistent rights, had pursued one of them in abandonment of the other—in either case, the courts would hold the plaintiff to an abandonment of his title, and to have treated the defendant as a common debtor, invested with the title to the property; but, the plaintiff has done nothing of the kind, and all it has done, is not inconsistent with the conditional sale it made, and the retention of the title in itself.—Miller on Cond. Sales, 62; *Matthews v. Lucia*, 55 Ver. 308.

The proof shows, that the property sold under the mortgage, brought $100.

The demurrer to defendant's 3rd plea should have been sustained. The mortgage offered in evidence against plaintiff's objection, was irrelevant. The general charge in favor of defendant should not have been given, and the one asked by plaintiff ought to have been given.

Reversed and remanded.