# Wikle *v.* Johnson Laboratories,

*Action on Common Counts for Merchandise Sold.*

(Decided January 16, 1902.)

1. *Demurrer, failure to specify grounds; effect of.*—Where demurrers to a pleading do not specify the grounds of objection, they are properly overruled.
2. *Pleading; immaterial issues; joinder in issue.*—By voluntarily joining issue on a pleading, which sets up immateral matters as a ground for recovery or of defense, the pleading is thereby made material, and proof of its averments will authorize a verdict and judgment for the party relying upon it.

3. *Account; delivery of goods ordered, at different times; recovery for.*—Where an order for goods contained no stipulation that all the goods should be shipped at one and tne same time, evidence is admissible that the goods were shipped in two lots, both within a reasonable time after the order was given, and were received by defendant, and defendant is as much bound to pay for them as if they had all been shipped together.

4. *Evidence; admissibility of parol, to vary terms of written instrument; meaning of words "to be advertised until sold."*—A written contract of sale being the sole evidence of the agreement between the parties, construed with reference to the nature of the transaction and in the light of surrounding circumstances, evidence is not admissible to show a contemporaneous parol agreement or understanding between the parties as to the meaning of the words "to be advertised until sold," contained therein.

5. *Evidence; sales; materiality of evidence in suit on account.* Where defendant purchased certain goods outright, in an action against him on account, it is immaterial whether he had sold them or not.

6. *Same; evidence as to payment of account.*—Suit being for the whole contract price of goods, evidence is admissible to show that defendant had paid no part of it.

7. *Fraud in obtaining order for goods; when not shown.*—Where defendant told plaintiff's agent, when he came to solicit his order, that he did not want to buy a large order, but finally told him that he would take fifty dollars worth of the plaintiff's goods; and after this statement plaintiff's agent came to defendant's store with the order filled out except the column showing the amount that would be due from defendant, and defendant signed the order, thinking it was for fifty dollars worth of goods, and wishing not to detain plaintiff's agent or keep him from catching a train,—the evidence is insufficient to show fraud in the sale of the goods or the procuring of the order.

APPEAL from Anniston City Court.

Tried before Hon. JAMES W. LAPSLEY.

This was an action brought by the Johnson Laboratories against the appellant, J. L. Wikle; and sought to recover an amount due by an account for goods and merchandise sold by the plaintiff to the defendant. The defendant pleaded the general issue and two special pleas. The second plea was as follows: "2d. For further plea the defendant says that the goods for which

said suit is brought were purchased under a special contract, in which said plaintiff agreed and contracted with defendant that the plaintiff would advertise said goods at their own expense until said goods were sold by defendant. And defendant says that the said plaintiffs failed to s oadvertise said goods wherefore this defendant has not been able to sell said goods, and upon the plaintiff's said failure, this defendant notified the said plaintiffs of their said failure, and offered to return said goods to plaintiffs. Wherefore defendant avers that he has suffered damages by reason of plaintiff's said failure to comply with said contract in the sum of one hundred and twenty-five dollars, which defendant offers to . recoup against the demand of the plaintiffs, and asks judgment for the excess." The third plea was substantially the same as the second. The plaintiff filed the following replication to the second and third pleas: "The plaintiff for replication to defendant's pleas Nos. 2 and 3, says, that it advertised the goods sold to defendant in accordance with the contract between it and defendant, and while so advertising said goods the defendant himself caused the said advertisement to be stopped, and the same was stopped on account of the defendant representing to the publisher of said advertisement that plaintiff was a fraud. Plaintiff further avers that as soon as it had notice that said advertisement had been discontinued it renewed the same, and kept the same in a newspaper in Anniston, Ala., until the defendant breached his said contract further by refusing to pay for same when due."

The defendant demurred to the replication to the 2d and 3d pleas, but assigned no specific grounds of demurrer; the grounds of demurrer being that the replication was no answer to the plea. This demurrer was overruled and issue was joined thereon.

On the trial of the case it was shown that the plaintiff had sold to the defendant, who was a druggist, some medicines and that for the purchase price of these medicines this suit was brought. An itemized statement of

the account between the plaintiff and the defendant and
the amount due from the defendant was introduced in
evidence. It was further shown by the evidence for the
plaintiff that on January 10, 1899, the defendant signed
an order addressed to the plaintiff for the goods, for
the purchase price of which the present suit was brought.
It was stipulated in this order that in consideration of
being advertised as one of the plaintiff's agents, the
plaintiff would ship the goods as shown in the order.
There was also the following statement in the order:
"Goods exchangeable and above goods to be advertised
until sold." The medicines ordered by the defendant
amounted to $103.50.

The plaintiff's evidence tended to show that after
giving this order by the defendant, the goods were ship-
ped to him in two instalments, one lot of goods amount-
ing to $69 was shipped a few days after the order was
received, and the other goods, amounting to $34.50, were
shipped on February 9th, 1899. Upon the plaintiff in-
troducing in evidence a statement of the account with
the defendant, the defendant objected to that part of
the account which bore the date of February 9, upon
the ground that the order did not provide for two ship-
ments of the goods. The court overruled the objection,
and the defendant duly excepted. The plaintiff intro-
duced as a witness M. A. Smith, who stated that he was
the publisher of the Hot Blast, a daily newspaper pub-
lished in Anniston, Alabama, the city in which the de-
fendant did business; that he advertised in the news-
paper for the plaintiff and that this advertising was done
under a contract which was made with the plaintiff's
agent, in January, 1899, and the contract provided for
the continuous advertisement in said newspaper, and
that it was also provided that the defendant's name was
to be attached to the advertisement. This witness fur-
ther testified that the advertisement ran in his paper
a short time, and was then discontinued for six weeks;
that the defendant came to the witness and stated that
he had not been able to find what was the plaintiff's com-
mercial standing, and that he believed that the plaintiff
was a fraud. This witness further testified that it was
after this conversation with the defendant that he dis-

continued the advertisement and presented his bill to
the plaintiff therefor. That upon the plaintiff subse-
quently paying the bill, the advertisement was continued
for six months. The defendant objected to the questions
asked this witness, which called for the conversation
had between him and the defendant, in which the defend-
ant stated that he believed the plaintiff was a fraud.
The court overruled each of these objections, and to each
of these rulings the defendant separately excepted.

The defendant as a witness in his own behalf testi-
fied that when the plaintiff's agent came to him to so-
licit his order, he told said agent that he did not want
to buy a large order, but finally told him that he would
take fifty dollars worth of the plaintiff's goods; that
after this statement, plaintiff's agent came to the de-
fendant's store with the order filled out except the col-
umn showing the amount that would be due from the
defendant to the plaintiff; that the plaintiff's agent was
anxious to catch the train, and the defendant signed
said order, thinking it was for fifty dollars worth of the
plaintiff's goods, as he did not wish to detain the agent
or prevent him from catching the train; that on the
next day when he figured out the amount of the order
and discovered that it was for $105, he immediately
wrote to the plaintiffs and told them not to send the
order, but to cut in half, but that the plaintiff declined
to do this.

During the examination of the defendant as a witness,
he was asked the following question: "What was the
agreement or understanding between yourself and plain-
tiff's agent (who took your order) that the words en-
dorsed on the order 'to be advertised until sold' meant?"
The plaintiff objected to this question, the court sustain-
ed the objection, and the defendant duly excepted.

During the cross-examination of the defendant as a
witness, the plaintiff asked him if he had paid anything
on the bill. The defendant objected to this question, the
court overruled the objection, and the defendant duly
excepted. The witness answered that he had paid noth-
ing on the account.

The cause was tried by the court without the interven-
tion of a jury, and upon the hearing of all the evidence,

the court rendered judgment for the plaintiff, to the rendition of which judgment the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

CALDWELL & JOHNSTON, for appellant.

A. F. McGHEE and T. C. SENSABAUGH, for appellee.

McCLELLAN, C. J.—Defendant's assignments of grounds of demurrer to plaintiff's replication to pleas 2 and 3 do not specify the objections to said replication, and they were properly overruled whether abstractly considered the replication was good or bad.—Code, § 3303; *Tranum v. Drum,* 112 Ala. 277; *Browder v. Irby,* 112 Ala. 379; *Milligan v. Pollard,* 112 Ala. 465, and other cases cited under said section of the Code; *Central of Georgia R'y. Co. v. Joseph,* 125 Ala. 313; *Alabama State Land Co. v. Slaton,* 120 Ala. 259; *Moore.v. Heineke,* 119 Ala. 627; *Buchanan v. Larkin,* 116 Ala. 431; *Shahan v. A. G. S. R. R. Co.,* 115 Ala. 181; *Cowan v. Motley,* 125 Ala. 369.

Defendant not having tested the sufficiency of the replication by special demurrer, his joining issue upon it after his general demurrer was overruled is to be taken as a voluntary joinder in issue; and thereby the replication was made material if not inherently so, and plaintiff was entitled to adduce evidence in support of it, and to recover upon it, so far as the special pleas were concerned, if the evidence was sufficient to establish its averments to the reasonable satisfaction of the court. All the evidence of Smith and others as to the advertisement, how and under what circumstances it was discontinued for a time and then renewed, etc., etc., was pertinent to and tended to prove the averments of the replication that defendant himself caused the stopping of the advertisement of which he complains in his special pleas, that the same was stopped on account of the defendant representing to the publisher of said advertisement that plaintiff was a fraud, and that plain ..

18s

renewed the advertisement as soon as it had notice it had been discontinued. And we are far from being able to say that the judge below plainly erred in his conclusion that the replication had been proved.

There was no error in receiving evidence of the sale and shipment by plaintiff and receipt by defendant of the lot of goods valued at $34.50 forwarded on February 9, 1899. These goods were embraced in the written order signed by defendant. The order contained no stipulation that all the goods should be shipped at one and the same time, nor is there any room for an implication to that effect. Both lots were shipped within a reasonable time after the order was given. And the defendant is as much bound to pay for the one as the other.

The court properly excluded the proposed evidence of the defendant as to what was the agreement or understanding between him and plaintiff with reference to the meaning of the words "to be advertised until sold" contained in the written contract of sale, the order executed by defendant. The writing itself, construed with reference to the nature of the transaction and in the light of surrounding circumstances is the sole evidence of the agreement, and parties cannot be allowed to alter or vary its terms by evidence of a contemporaneous parol agreement or understanding as to the meaning of its language.—*Kyle v. Bellinger,* 79 Ala. 516.

The defendant having purchased the goods outright, it was obviously immaterial whether he had sold them or not.

Suit being for the whole contract price of the goods, it is inconceivable how evidence that the defendant had paid no part of it could be objectionable.

The evidence of the defendant as to the circumstances under which he executed the order for the goods is quite insufficient to make a case of fraud in the sale of the goods or any part of them.

Affirmed.