# Wellden *v.* Witt.

*Detinue.*

(DECIDED DEC. 21, 1905, 40 So. REP. 126.)

1. *Appeal; Harmless Error; Ruling on Pleadings.*—Where the defense set up by pleas, which were stricked or to which demurrers were sustained, was available to defendant under the general issue, if error to strike or to sustain demurrer thereto, it was harmless.

2. *Sales; Validity; Mistake; Note for Purchase Money.*—While it might be good grounds for correcting the contract in a court of equity, if there was an agreement between the parties to the sale to pay interest, and in drawing up the note for the purchase price of the mule the seller omitted to provide for the payment of interest, yet the seller cannot maintain detinue for the mule until the note matured and there was default in its payment, because of a failure to insert a provision for interest.

3. *Contracts; Modification; Mutual Assent.*—Contracts may be modified, or even rescinded, by mutual consent, without any new or additional consideration.

4. *Sales; Conditional Sales; Rescision; Jury Question.*—Whether or not a contract of conditional sale had been rescinded so as to entitle the seller to recover the property, was question for the jury where there was conflict in the testimony on that subject.

5. *Same; Rescission of Contract; Conditions Precedent; Return of Consideration.*—The seller, claiming a rescission of a contract of the conditional sale of a mule, by mutual consent, sought to recover the mule by detinue and offered to return the note for same at time of trial: Held, sufficient, especially as it appeared the maker would not have received it before.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Detinue for a mule by Witt against Wellden. The fact upon which the opinion is rested sufficiently appear therein.

[Wellden v. Witt.]

In his oral charge to the jury, the court said: "I charge you, gentlemen of the jury, if an agreement had been made between plaintiff and defendant for the purchase of the mule in suit, and by mistake in drawing the note there was omitted therefrom the words 'with interest at the rate of 8 per cent. per annum,' and it was agreed that said note should bear such rate of interest from date, then there was not that assenting of the minds which is required in law to constitute a contract; and if you find such to be the facts in the case then I charge you there was no contract and the plaintiff is entitled to recover."

The defendant requested the court in writing to give the following charges, which were refused: "(1) I charge you, gentlemen of the jury, if you believe the evidence in this case, your verdict must be for the defendant. * * * (3) I charge you, gentlemen of the jury, that if you believe, from all the evidence in this case, that plaintiff was to return the note to the defendant, then he cannot recover, unless you further find that he returned or offered to return said note before the bringing of this suit. (4) I charge you, gentlemen of the jury, that if you are reasonably satisfied, from a consideration of all the evidence in this case, that there was a conditional sale of the mule made by plaintiff to defandant, then under the evidence in this case the defendant was entitled to the possession of said mule until the maturity of the note given therefor.

W. R. WALKER, for appellant.—In order to recover in an action of detinue the plaintiff must have general or special property in the thing sued for and an immediate right to its possession at the commencement of the suit. —Jesse French P. & O. Co. v. Bradley, 138 Ala. 177; Bolton v. Cuthbut, 132 Ala. 403; Boulden v. Organ Co., 92 Ala. 182; Vinson v. Ardis, 81 Ala. 271; Price v. Talley's Admr., 18 Ala. 21.

Detinue can not be maintained for property until after return or offer to return the note given for the purchase price of such property. 24 A. & E. 2d Ed.) 1105; Wilson

*v. San Jose Fruit Packing Co.*, 113 Ala. 519; *Doane v. Lockwood*, 115 Ill. 490, 4 N. E. Rep. 500; *Jones v. Anderson*, 82 Ala. 302; *Young v. Arntze*, 86 Ala. 302; *Merritt v. Ehrman*, 116 Ala. 278.

Payment or tender, within a reasonable time, kept good, would divest seller's title.—*Brigham v. Vandegrift*, 93 Ala. 283, 286; *Tanner v. Hall*, 89 Ala. 630; *Jesse French P. & O. Co. v. Bradley*, 138 Ala. 177; *Hoyt v. Turner*, 84 Ala. 523; *Henderson & Co. v. Boyett*, 126 Ala. 172; *Barnes v. Bailey*, 2 Ala. 749; *Hodges v. Tufts*, 115 Ala. 366; *Egan & Co. v. Johnston*, 82 Ala. 233; *Samples v. Guyer*, 120 Ala. 611; *Lock v. Reeves*, 116 Ala. 590; *Henry v. Allen*, 93 Ala. 197; *Evans v. Gale*, 43 Am. Dec. 614; *Eastern Granite Roofing Co. v. Chapmon & Co.*, 140 Ala. 440.

A negotiable instrument materially altered after execution, by consent of only one of the two parties signatory thereto, is vitiated only as to the non-consenting party.—2 Am. & Eng. Ency. Law (2d Ed.) 206, 209; *Montgomery v. Crossthwait*, 90 Ala. 553; *Anderson v. Bellenger*, 87 Ala. 334; *Brown v. Johnson*, 127 Ala. 292.

In a bargain and sale the thing which is the subject of the contract becomes the property of the buyer the moment the contract is concluded and without regard to the fact whether the goods be delivered to the buyer or remain in the possession of the seller.—24 A. & E. (2d Ed. 1045; *Toine v. Dubois*, 6 Wall. 548, 18 L. Ed. 943; *McCoy v. Moss*, 5 Port. 88; *Donnell v. Griffin*, 46 Ala. 520; *McCrae v. Young*, 43 Ala. 622; *Brandon Prt. Co. v. Bostick*, 126 Ala. 247; *Green v. Lewis*, 85 Ala. 221; *Foley v. Felrath*, 98 Ala. 176; *Welden v. Clark*, 94 Ala. 505; *Barnhill v. Howard*, 104 Ala. 412; *Robinson v. Pogue*, 86 Ala. 257; *Jones v. Brewer*, 79 Ala. 548; *Magee v. Billingsly*, 3 Ala. 679; *Scott v. Hedges*, 62 Ala. 337; *Blackshear v. Burke*, 74 Ala. 239; *Neal v. Boggan*, 97 Ala. 611; *Pilgreen's Case*, 71 Ala. 368.

When sale of specific article for money, sale is complete when money is paid, and transfers title without a delivery.—*Donnell v. Griffin*, 46 Ala. 520.

Where a conditional sale and title retained until payment of purchase money, vendee has right to possession

[Wellden v. Witt.]

until default.—*Davis v. Millings*, 37 Sou. Rep. 737; *Stone v. Waite*, 88 Ala. 599; *Brigham v. Vandegrift*, 93 Ala. 283; *Bolling v. Richy*, 90 Ala. 215, 224, 24 Am. St. Rep. 789; *Bishop v. Mindchurst*, 128 Ala. 162; *Segrist v. Craftne*, 131 U. S. 287, 33 L. Ed. 125.

Title passes upon completion of contract by agreement of buyer and seller, though actual possession may not pass and buyer may not be entitled thereto until he pays price or does some other like act.—*Brandon Pr. Co. v. Bostick*, 126 Ala. 247; *Pilgreen's Case*, 71 Ala. 368; *Jones & Co. v. Brewer*, 79 Ala. 545.

After a verbal sale of chattels has been consumated by delivery, neither a subsequent change in mode of payment nor acceptance of bill of sale, operates a divestiture of title, or a rescission of the contract.—*Sanders v. Stokes*, 30 Ala. 432; *Carraway v. Vallow*, 2 Ala. 542, 551; *Union Ref. Co. v. Barton*, 77 Ala. 148, 155.

Retention of title by owner does not make him absolute owner of property.—*Brigham v. Vanedgrift*, 93 Ala. 283.

An unaccepted offer of vendor to rescind unless based on fraud or bad faith, is of no legal effect.—*Harris v. Rowlard's Admrs.*, 23 Ala. 644; *Jones v. Anderson*, 76 Ala. 427.

Immateriality of condition made by agreement of parties do not nullify or mitigate fatal effect of failure to comply.—*Nat. Surety Co. v. Long*, 125 Fed. 887.

A promise to give additional security after consummation of contract of sale is a mere *nudum pactum*.—*Thomasson v. Dill*, 30 Ala. 444; *Bolling v. Kirby*, 90 Ala. 215.

When suit brought by vendor in conditional sale, vendee may plead any appropriate plea he might have pleaded to debt where suggestion has been properly made.—Code 1477, 1478; *Hooper v. Birchfield*, 115 Ala. 226; *Lewis v. Simon*, 101 Ala. 547; *Powell v. Crawford*, 110 Ala. 294.

The first question is, does a written agreement exist?—*Block v. Ry. Co.*, 53 Am. Rep. 628.

Parol proof not admissible to convert promissory note from a special to a conditional contract.—*Middleton v.*

[Wellden v. Witt.]

*Griffith,* 51 Am. St. Rep. 617; *Davis v. Stout,* 22 Am. St. Rep. 565.

A mistake, to be fatal to a contract, because of lack of mutual assent, must be one affecting existence or identity of thing sold.—*Sherwood v. Walker,* 11 Am. St. Rep. 531; *Hecht v. Batcheller,* 9 Am. St. 708 and note; Benj. on Sales, §§ 605-6; Story on Sales, §§ 148, 377; *Besel v. Wilbed,* 36 Am. St. Rep. 871.

When one is a party to a transaction, and the other party thereto alone signs the contract, the party not signing the contract is as fully bound by its terms as though he was a party signatory.—*Forbes v. Taylor,* 139 Ala. 286.

General rule is that person bound by agreement to which he assented when uninfluenced by fraud or misrepresentation, and he will not be permitted to say that he did not intend to agree to its terms.—9 Cyc. 388; *Cannon v. Lindsay,* 85 Ala. 198; *Borden v. Richmond, etc., R. Co.,* 37 Am. St. Rep. 632; *Forbes v. Taylor,* 139 Ala. 286.

Ignorance of a stipulation in a contract is no ground for relief, when party not mislead or deceived, and mistake due to carelessness or inattention.—*Robertson v. Smith,* 60 Am. Dec. 234; *Bett v. Nuhen,* 56 Am. Dec. 329 and note; *Juzan v. Toulmin,* 9 Ala. 622, 44 Am. Dec. 448 and note; *Perkins v. Gay,* 8 Am. Dec. 653; *Miles v. Stevens,* 45 Am. Dec. 631, note.

In courts of law mistake of expression not available, as in such courts parol evidence is not admissible to contradict, add to or vary a writing.—9 Cyc. 392; *Falconer v. Smith Wall Paper Co.,* 45 Am. St. Rep. 2530; *Crane Co. v. Specht,* 42 Am. St. Rep. 562.

A subsequent parol agreement modifying, varying, altering or abrogating written contract may be shown, but sufficient consideration must also be shown therefore.—*Bryan v. Hunt,* 70 Am. Dec. 202; *Cunnings v. Arnold,* 37 Am. Dec. 155; *Spanes v. Baltycll,* 46 Am. Dec. 346; *Randolph v. Perry,* 2 Port. 376; *Thomasson v. Dill,* 30 Ala. 444; 1 Greenl. (15th Ed.) § 303; *Mylin v. King,* 139 Ala. 319; *Hembree v. Glorer,* 93 Ala. 622.

Parol evidence not admissible to add a stipulation to or to take one from, a contract complete in all of its

parts.—*Fawkner v. Smith Wall Paper Co.*, 45 Am. St. 230; *Harrison v. McCormick*, 23 Am. St. Rep. 469; *Gilbert v. Stockman*, 20 Am. St. Rep. 23.

Parol evidence admissible to show no contract because of mistake in subject matter.—*Bedell v. Wilder*, 36 Am. St. Rep. 871 and note; *Rowland v. N. Y. Etc. R. Co.*, 29 Am. St. Rep. 175; *Miles v. Stevens*, 45 Am. Dec. Note, 631; *Perrin v. Cheeseman*, 19 Am. Dec. 388.

Parol contract should not be engrafted upon written one without clear and satisfactory proof.—*Rearich v. Sevinehart*, 51 Am. Dec. 540.

Where vendor brings detinue for goods fraudulently purchased without tendering note until trial, he is only entitled to judgment for property and defendant has judgment for his costs and damages.—*Farwell v. Hanchett*, 11 N. E. Rep. 875; *Doane v. Lockwood*, 4 N. E. Rep. 500, 115, 111, 490.

T. C. McClellan, for appellee.—In the action of detinue, the plaintiff must be entitled, in order to recover, to the immediate possession of the chattel at the commencement of the suit, in this case March 10, 1903.—*Bradley's case*, 138 Ala. 177; 3 Mayfield, p. 51.

Section 1477 of the Code, providing for suggestion by mortgagor or vendor in a conditional sale where title is retained, has no place in this case. It is submitted that it would be folly to say that the jury should ascertain the amount "due" by the vendee or mortgagor to the vendor or mortgagee when the suit was brought before the maturity of the obligation. If the defendant has the right of possession at the commencement of the suit, or the plaintiff has not that right, then the plaintiff must fail.—Acts 1882-3, p. 31; Acts 1880-1, p. 39; *Jacob's case*, 83 Ala. 271; Acts 1892-3, p. 1127; Code, § 1477.

Tender must be made after default, after the instrument matures; obviously there can be no tender before maturity.—*Maxwell's case*, 95 Ala. 166.

Where defendant has the benefit of defenses or facts under other pleading it is error without injury to strike pleas setting up such defenses or under which such

[Wellden v. Witt.]

facts may be offered.—*Powell's case*, 96 Ala. 412; *Copeland's case*, 131 Ala. 345.

In passing upon exceptions reserved to isolated parts of the court's oral charge, the whole charge should be taken and construed together.—*Sweeney's case*, 121 Ala. p. 457.

Parol evidence is admissible to show the character of the sale, whether absolute or conditional, whether there was a sale or not, all the facts and circumstances being pertinent.—*Ward's case*, 131 Ala. p. 572; *Hopper's case*, 21 Ala. 714; *White's case*, 103 Ala. 315; *Corbin's case*, 19 Ala. 203; 21 Ency. Law (2d Ed.), p. 1097-8; 4 Ency. Law, (2d Ed.) pp. 201-4.

There must be a delivery of the instrument, else no contract arises.—4 Ency. Law (2d Ed.) pp. 201-4; *Hopper's case*, 21 Ala. 714; *Morgan's case*, both opinions, 29 Ala. 283; *White's case*, 103 Ala. 315; 21 Ency. Law, pp. 1097-8; *Corbin's case*, 19 Ala. 203.

Return of the property before judgment rendered or on the trial is sufficient.—*Henry v. Allen*, 93 Ala. 197; *Jones v. Anderson*, 82 Ala. 302; *Wilcox v. San Jose Co.*, 113 Ala. 519; *Walker's case*, 128 Ala. 371.

That the court erred in rendering judgment against the appellant is too general.—*Alexander's case*, 50 Ala. 450.

Assignment of error numbered 15, attacking the judgment rendered because of costs, if it were otherwise sound comes too late on appeal; the judgment should have been complained of below.—*Code* 3333; *Drake's case*, 50 Ala. 1; *Smith's case*, 95 Ala. 313; *Long's case*, 18 Ala. 488; *Murrah's case*, 20 Ala. 398; *Freeman's case*, 22 Ala. 115; *Walker's case*, 31 Ala. 531.

There must be mutual assent in order to effect a sale; but mistake prevents this necessary mutual assent.—24 Ency. Law, p. 1034.

Intention is a primary consideration in reference to sales, title passing, etc. The agreement is what the parties intended to make it.—24 Ency. Law p. 1047.

Parties, as of course, may insert conditions in their contracts; they may be precedent or subsequent; they

may alter them; they may rule them; they may change even, an executed to an executory contract; they may remove title and re-invest it; in short by mutual assent, parties may contract.—24 Ency. Law, p. 1054; *Bolling's case,* 90 Ala. 215, pp. 220-1.

A contract may be rescinded or modified by mutual assent; *a fortiori,* a mistake may be by mutual assent corrected or the contract "grafted" with new conditions, or otherwise made to meet the agreement of the parties. —24 Ency. Law, p. 1097.

Parties, before or after consummation of a contract, may either rescind or modify it, or graft new conditions on it, and no other consideration is necessary. (Could it be contended that by mutual assent they cannot correct mistakes and make the mutually agreed correction effective by saying there is to be no sale and no trade?) —*Thomason's case,* 30 Ala. 444; *Stoudenmier's case,* 29 Ala. p. 568; *Jones' case,* 56 Ala. p. 497; *Morum's case,* 9 Ala. p. 454; *Seller's case,* 33 Ala. p. 271; *Thomasson's case,* 34 Ala. 175; *Glover v. McGilloray,* 63 Ala. 508.

DENSON, J.—Detinue by John R. Witt against James Ed Wellden to recover a mule. Plaintiff obtained judgment in the circuit court, and the defendant appealed.

The defendant, under section 1477 of the Code of 1896, suggested that the plaintiff's title was based on a conditional sale contract reserving title to him until the purchase money was paid. He also pleaded the general issue and several special pleas. Issue was joined on the general issue, the suggestion and plea of tender. The court struck from the file or sustained a demurrer to pleas A, B, D, G, X, and Y. Plea of non detinet put in issue the right of the plaintiff to recover. The record affirmatively shows that defendant had the benefit of the defense set up by these pleas under the plea of the general issue.—*Carlisle v. People's Bank,* 122 Ala. 446, 26 South. 115; *Foster v. Chamberlain,* 41 Ala. 158; *Grunewald Co. v. Copeland,* 131 Ala. 345, 30 South. 878. Hence, if the court erred in the ruling on the motions

and demurrers to the pleas, the error worked no injury to the defendant.

Witt agreed to sell Wellden the mule for $125, and to take a note with Bryant McKinney as surety for the purchase money due 11 months after date. A negotiable note reserving title to the mule in Witt until the note was paid was drawn by Witt and delivered to Wellden to sign and get McKinney to sign. Witt failed to write in the note that it was to bear interest from date. The note was signed by Wellden and McKinney, and was carried by Wellden and presented to Witt. The signatures of the parties to the note were not witnessed, and Witt had Wellden to take the note back and have it witnessed, and told Wellden when he got the note properly witnessed he could hand the note to his (Witt's) wife and take the mule, in the event Witt was not at home when he brought the note. Wellden complied with Witt's request and instructions. But as Wellden walked out of the gate leading the mule, Witt, who had just returned home after the note was delivered received the note from his wife and walked out to where Wellden was in posssssion of the mule, and calling the attention of Wellden to the note told him that they had overlooked writing in the note the words with interest from date. Up to this point there was no conflict in the evidence. Witt testified that it was a part of the agreement that the note should bear interest at the rate of 8 per cent. per annum from its date, and that Wellden when told about it admitted that a mistake had been made in this respect in drawing the note. Wellden denied making the admission, and testified that no agreement had been made by him to pay the interest, and that he was to pay only $125 for the mule. Witt further testified that at the time he called Wellden's attention to the note he agreed that Witt might insert in said note the words, "with interest at eight per cent. per annum:" that Witt then informed Wellden that to make the insertion in the absence of Mc-Kinney would invalidate the note as to McKinney; that he and Wellden then agreed to go, and did go, to a nearby store to have one Henderson Legg witness the inser-

tion of said words in the note; that they called Legg to them and in his presence the two agreed that the words should be inserted in the note, and further agreed that, if McKinney would not consent to said change in the note, there was to be no trade and no sale; that it was further agreed that Witt should write McKinney and endeavor to obtain his consent to the change in the note, and defendant was to see him and make an effort to get McKinney's consent to the change. Witt then made the alteration in the note as stated. Witt's testimony as to what occurred in the store is corroborated by that of Legg. Witt further testified that Wellden did every thing with reference to the note that he requested him to do up to the time he called his attention to the omission of interest in writing the note. Wellden testified with reference to the change made in the note substantially as follows: That as he got outside the gate into the road with the mule, Witt came out and told him that he (Witt) had forgotten to put interest in the note, and asked him to consent to his inserting in the note the words with interest from date; that he told Witt that could not be done without McKinney's consent, but that he might put in the words at his (Witt's) own risk if he wished to do so; that he had had so much trouble about the matter that he consented to pay interest, though there never had been anything said about interest on the note, nor had there been any agreement that he was to pay interest; that plaintiff told him, if he was willing or would consent to it, he (Witt) would insert the words and take the risk himself of getting McKinney to consent to the alteration; that they went into the store and called Legg to witness the change, and in the presence of Legg the change was made; that not a work was said about there being no trade in the event McKinney would not consent the change in the note; that he never agreed with plaintiff that there was to be no trade if McKinney did not consent to the alteration; that it was agreed that plaintiff should write to McKinney, and if he consented to the alteration his reply was to be pinned to the note; that plaintiff said this would make it all right. Mc-

[Wellden v. Witt.]

Kinney did not consent, and the suit was brought before the maturity of the note. Defendant further testified that at no time before the commencement of the suit had the plaintiff ever offered to return the note to him.

From the foregoing facts it cannot be said that any fraud was practiced or attempted to be practiced on the plaintiff in the delivery of the note and getting possession of the mule on the delivery of it to the wife of the plaintiff. The defendant had complied with plaintiff's request with respect to having the signatures attested by a witness, had delivered the note, and had taken possession of the mule—all in strict compliance with the request and instructions of the plaintiff. We do not think it would be reasonable to hold that there was no delivery of the note. The plaintiff drew the note, and, if his contention that it was to bear interest from date is true, yet the failure to insert the stipulation in the note was due to his inattention or negligence, not superinduced by any conduct or influence of the defendant. While this might afford, and doubtless would afford, the plaintiff the right, on refusal of defendant to correct the contract, to go into a court of equity and have the contract corrected on the ground of mistake, we do not think that it prevented the contract of sale from being a complete or effectual one. As long as it stood as it was when delivered to plaintiff's wife, in the absence of a subsequent modification by mutual consent, the note was the sole expositor of the terms of the contract, not subject to be varied by proof of stipulations made prior to its execution, and under it the plaintiff could not maintain detinue until it matured, and there was default in payment of the purchase money.—*Cannon v. Lindsey*, 85 Ala. 198, 3 South. 676, 7 Am. St. Rep. 38; *Seymour v. Farquhar*, 93 Ala. 292, 8 South 466; *Forbes v. Taylor*, 139 Ala. 286, 35 South. 855; *Juzon v. Toulmin*, 9 Ala. 622, 44 Am. Dec. 448; *Fawkner v. Smith*, (Iowa) 55 N. W. 200, 45 Am. St. Rep. 230.

It was after the note had been delivered by defendant to plaintiff's wife, and defendant had taken possession of the mule, that the question was raised as to the failure

of the note to express all the terms of the contract. Granting that nothing was said or agreed about interest originally, it was entirely competent for the parties subsequent to the execution and delivery of the note, by mutual consent, to embody the payment of interest as one of the terms of the note; and it was also competent for them to agree that, if McKinney would not consent to the change made in the note agreed to between plaintiff and defendant, there should be no trade or sale between plaintiff and defendant. Such an agreement would constitute a rescisison by mutual consent. That a contract may be modified or rescinded by mutual assent of the parties, and that, without any new or additional consideration, is a proposition too well known to admit of further discussion.—*Hembree v. Glover*, 93 Ala. 622, 8 South. 660; *Mylin v. King*, 139 Ala. 319, 35 South. 998; 3 Brick. Dig. 132, § 146.

We think the rescisison, *vel non*, was the pivotal point in the case. The plaintiff insisted that the contract was rescinded by mutual assent, and the defendant combated the insistence. The evidence on the question was in conflict, thus making it one peculiarly in the province of the jury for determination. If the jury should find that there was a rescission, there was nothing in the case to prevent verdict for the plaintiff; if the contract was not rescinded, the suit was prematurely brought. To effect rescission it was necessary that each party should be restored practically to the condition which they were before the contract was made. To this end, it was incumbent on the plaintiff to restore or to offer to restore the note to the defendant. It was conceded that the note was not restored, nor was any offer made by the plaintiff to restore the note to the defendant, before he commencement of the suit; but it was conceded that the plaintiff did on the trial, and before judgment, offer to restore the note to the defendant, and he declined to accept it, unles plaintiff would accept the money the note stipulated for. It seems that it has been held by this court that such an offer made on the trial, to restore the note, is sufficient. We therefore hold that it was suffi-

[Rarden Mercantile Co. v. Whiteside.]

cient in this case. Moreover, it seems to be almost certain that any offer to restore made even before the commencement of the suit would have been refused by the defendant. His contention was that there was no agreement to rescind, therefore an offer to deliver up the note would have been fruitless.—*Henry v. Allen*, 93 Ala. 197, 9 South. 579; *Wilcox v. San Jose Fruit Packing Co.*, 113 Ala. 519, 21 South. 376, 59 Am. St. Rep. 135; *Jones v. Anderson*, 82 Ala. 302, 2 South. 911.

Upon the foregoing consideration, it is apparent that the court did not err in refusing the written charges requested by the defendant. We are constrained to hold, however, that the court erred to the prejudice of the defendant in that part of the oral charge which was excepted to by him. There is no merit in the two exceptions reserved by the defendant to the rulings of the court on the admissibility of evidence. For the error pointed out the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, DOWDELL, and ANDERSON, JJ., concur.