(102 So. 21)
## SMITH v. LEWIS. (6 Div. 224.)

(Supreme Court of Alabama. Oct. 16, 1924. Rehearing Denied Nov. 20, 1924.)

**1. Dismissal and nonsuit ⬥44—Pleading ⬥87, 193(1)—Motion in circuit court to dismiss appealed case not proper mode of presenting defensive matter; demurrer or plea being necessary.**

A motion in circuit court to dismiss suit and cancel judgment of an inferior court from which appeal was taken because suit was based on suit or vendor's lien, and plaintiff before suit had repossessed his property, having retained title until purchase price was paid, was properly overruled; demurrer or plea being proper procedure.

**2. Pleading ⬥208 — Demurrer should state grounds therefor, otherwise court not put in error for overruling it.**

Under Code 1907, § 5340, demurrer to a count in a complaint should specify defect, and when it does not, or the ground is general, court will not be placed in error for overruling it.

**3. Appeal and error ⬥242(3) — Appellate court cannot review or pass on demurrers upon which trial court did not rule.**

Where trial court makes no rulings on demurrers directed against certain counts in a complaint, an appellate court cannot review and pass on the demurrers.

**4. Sales ⬥479(15)—Pleas to complaint by conditional seller for installments falling due before repossession held bad on demurrer.**

In action by conditional vendor to recover back installments under contract that provided that, on taking repossession of goods, buyer should be liable for back installments, latter's pleas that vendor had rescinded sale and repossessed property held bad on demurrer.

**5. Pleading ⬥208 — Demurrer not stating grounds therefor properly overruled.**

Where demurrers to pleas were general, not specifying the defects as Code 1907, § 5340, directs, they should have been overruled.

**6. Appeal and error ⬥1040(7)—Sustaining demurrer to plea will not work a reversal of judgment where case tried without jury, and defendant's case presented under general issue.**

Error in sustaining demurrers to plea will not work reversal of judgment of trial court, where case was tried without jury, and defendant received the benefit of his pleas by evidence under general issue.

**7. Pleading ⬥129(5)—In action by individual no error in admitting contracts to plaintiff in name of company, if contract undisputed.**

Court did not err in admitting in evidence two contracts signed by defendant, payable to plaintiff in name of company, but sued on in his individual name, where there was no plea denying their execution.

**8. Evidence ⬥469—Allowing plaintiff to testify to amount of back payments due him, when goods were repossessed, held not contrary to written sale contract.**

Where written contracts of sale provided that, should goods be repossessed, all installments due at repossession should be paid by buyer, and on repossession vendee again orally agreed to pay such back installments, vendor's testimony as to amount thereof did not contradict the writing.

**9. Appeal and error ⬥901—Overruling motion by defendant to retax cost presumed correct, unless affirmatively shown otherwise.**

Where defendant does not affirmatively show that cost items should not be taxed against him, order overruling his motion to have same retaxed is presumed correct.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Suit by E. D. Lewis against Jack Smith. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

It was error for the trial court to refuse to hear evidence on defendant's motion to dismiss the suit. 6 A. & E. Ency. Law, 250; Lehman, Durr & Co. v. Van Winkle & Co., 92 Ala. 443, 8 So. 870; Tanner v. Hall, 89 Ala. 628, 7 So. 187; Montgomery I. Wks. v. Smith, 98 Ala. 644, 13 So. 525; Thomason

v. Lewis, 103 Ala. 426, 15 So. 830; C. J. C. v. Pugh Bros., 168 Ala. 295, 53 So. 324, Ann. Cas. 1912A, 657; Zirkle v. Ball, 171 Ala. 568, 54 So. 1000; Diamond Rubber Co. v. Fourth Nat. Bank, 171 Ala. 420, 55 So. 100; Alexander v. Mobile, Auto Co., 200 Ala. 586, 76 So. 944; Forbes Piano Co. v. Wilson, 144 Ala. 586, 39 So. 645; Riley v. Dillon, 148 Ala. 283, 41 So. 768; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134; Goodgame v. Sanders, 140 Ala. 247, 37 So. 200.

Benton & Bentley, of Bessemer, for appellee.

Where the cause is tried upon the merits, the burden is on appellant to show probable prejudice in rulings on demurrer. Sov. Camp v. Ward, 201 Ala. 446, 78 So. 824. The findings of the court have the weight of a jury verdict. A. G. S. v. Longshore, 209 Ala. 227, 96 So. 64.

MILLER, J. This is a suit of E. D. Lewis, trading and doing business under the name of E. D. Lewis Furniture Company, against Jack Smith to recover the sum of $48 due under two conditional sale contracts for household and kitchen furniture, executed by him. The case was tried by the circuit court without a jury on appeal or certiorari from the inferior court of Bessemer. The court found from the evidence that the defendant owed plaintiff $48 on the contracts, and rendered judgment accordingly. This appeal is prosecuted by the defendant from that judgment.

[1] The defendant filed a motion to dismiss the suit and cancel the judgment of the inferior court, because the suit is based on a note or vendor's lien for furniture, which plaintiff before commencing this suit took possession of as his property, the furniture was the sole consideration of the note, wherein plaintiff retained title until purchase price was paid; and that plaintiff thereby elected and executed his remedy and rights against the defendant. The trial court refused to hear testimony on this motion and overruled it, and in this there was no error. The matters set up in the motion are in their nature defensive. It was under these circumstances incumbent on the defendant to demur or plead to the complaint. Montgomery Iron Works v. Smith, 98 Ala. 644, 13 So. 525; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

[2, 3] There are six counts in the complaint, designated as 1, A, B, B½, C, and D. The defendant demurred to each of them. The court sustained demurrers to counts A, B, and C, and overruled them as to D. Count D may be demurrable, but it was not subject to the grounds of demurrer assigned to it. The grounds of demurrer should specify the defect in the count. When it does

not, or the ground is general, the court will not be placed in error for overruling it. Section 5340, Code 1907; Ryall v. Allen, 143 Ala. 222, 38 So. 851; Wikle v. Johnson, 132 Ala. 268, 31 So. 715; Morris v. Beall, 85 Ala. 598, 5 So. 252. We find no ruling of the court on demurrers of defendant to counts 1 and B½, and we cannot review and pass on these demurrers.

Count 1 claims of defendant the sum of $48 due by note made by the defendant and $10 reasonable attorney's fee secured by it, which he agreed to pay.

Count B½ claims $48 damages for the breach of two contracts entered into by defendant dated October 9 and 20, 1924, respectively, by which defendant agreed to pay $5 per two weeks from their dates for furniture until the entire purchase price was paid; and it was agreed therein, in the event the furniture was returned before full payment was made, the defendant would make all back payments due thereon; and it avers the defendant failed to make payment of the sum of $48 due under said contract as he agreed to do.

Count D is practically the same as count B½, except it states the purchase price of the furniture under one contract was $156.50, and under the other was $37.50, and it does not aver that defendant agreed, "in event the furniture was returned to plaintiff before fully paid, that defendant would make all back payments."

The defendant filed three pleas, numbered 1, 2, and 3, to these counts. Plea 1 was general issue. Demurrers of plaintiff to pleas 2 and 3 were sustained by the court.

[4-6] Pleas 2 and 3 are practically the same. They aver the contract referred to in the complaint was for furniture sold by plaintiff to defendant to be paid in installments; that after defendant had paid numerous installments embraced therein, plaintiff "rescinded said contract and repossessed the furniture embraced in it, and the contract fails of consideration." These pleas are defective. We need not mention them. See Wellden v. Witt, 145 Ala. 605, 40 So. 126; Givhan v. Dailey, 4 Ala. 336; 3 Michie Dig. (Contracts) 360, §§ 179–191. The pleas refer to one contract, and counts D and B½ aver there were two contracts. The demurrers to these pleas were general, did not specify the defects as the statute (section 5340) directs, and they should have been overruled by the court. Section 5340, Code 1907, and authorities supra. This error will not work a reversal of the judgment because the case was tried without a jury, and defendant received the benefit of this evidence mentioned in the pleas under the general issue; and, under the undisputed evidence, the plaintiff was entitled to recover the sum of $48, the amount of the judgment in this case. The defendant was not injured by the error. It did not injuriously affect his sub-

stantial rights. Ryall v. Allen, 143 Ala. 222, 38 So. 851; rule 45, 175 Ala. xxi; 2 Mayfield's Dig. 176–178.

[7, 8] The court did not err in admitting in evidence the two contracts signed by the defendant payable to the plaintiff under the name of E. D. Lewis Furniture Company. There was no plea denying their execution. There was evidence that "they were the contracts and executed by the defendant," and they conformed to the description of them in counts B½ and D. The court did not err in allowing plaintiff to testify as to the amount paid by defendant to him on the contracts and the agreement between them when the property was returned. It was not contrary to, but the same as, the written agreements. The evidence without dispute showed plaintiff sold defendant household and kitchen furniture at two different times for which he executed two contracts. The purchase price of the furniture under one contract was $156.50, and under the other was $37.50. It was to be paid for under each contract at $5 per two weeks until the same was paid in full. Each contract stated in its body that the property and the title to it shall be and remain the property of E. D. Lewis Furniture Company until fully paid for as above shown. Each contract contained this covenant by the defendant:

"And if I neglect to pay said weekly or monthly installments when due [time being the essence of the contract], said E. D. Lewis Furniture Company, or their agents, shall have the right and privilege to enter my premises at any time thereafter to demand and take away their said property, and I agree to forfeit and lose all previous payments made thereon, the same being treated as rents. I further agree to make all back payments in case goods are returned."

The total amount paid by the defendant under both contracts aggregated the sum of $39. The defendant and his wife separated, and he sent for the plaintiff to come and get the furniture, and told him to go and get the goods, and he would pay the back payments all up to the time of taking the furniture back from him; and the plaintiff then took all the furniture back, and the "back payments" due then were $48 which was unpaid, and for which he sues to recover. The defendant offered no evidence.

This property was household and kitchen furniture, liable from use to depreciate greatly in value, and, if returned, to be greatly less in value then when purchased; so the parties agreed in the contracts, if the goods are returned, the defendant would make all back payments. The furniture was returned to the vendor by the vendee with mutual consent of the parties; the defendant agreeing then orally, as he had previously done in writing, to make all back payments.

The court tried this cause without a jury.

There was ample evidence to sustain his finding of facts. It was undisputed under the written and oral agreements of the parties and the evidence that the defendant owed plaintiff a balance of $48, then past due, when the furniture was returned, which amount he agreed to pay to the plaintiff.

The court did not err in finding defendant was indebted to the plaintiff in the sum of $48, and properly rendered a judgment in favor of the plaintiff for it. Montgomery Iron Wks. v. Smith, 98 Ala. 644, 13 So. 525. The court in the judgment rendered taxed the defendant with the cost.

[9] The defendant presented to the court a written motion to retax two items of the cost, and averred that the cost bill contained an item of $5 in favor of W. K. Schanz for services rendered as a stenographer in this cause, which was charged and taxed in this suit, and an item of cost for a library fee, because the respective acts of the Legislature permitting and allowing said items of cost to be included in the cost bill were each unconstitutional and void.

The court overruled the motion. This judgment of the court will be presumed free from error until the contrary is shown. Beadle v. Davidson, 75 Ala. 494. There was no evidence offered to sustain the facts averred in the motion. There is no evidence to show that a fee of $5 for W. K. Schanz for services rendered as a stenographer and a library fee were charged against the defendant in the cost bill in this cause. Neither the motion nor the facts averred therein are evidence. There should be in the record some affirmative proof to sustain the averments of the motion. The constitutionality of the respective acts mentioned is not presented by the motion, because there is no evidence to sustain the facts alleged, and the denial of the motion by the trial court will not be disturbed when it appears no evidence in proof thereof was introduced. Beadle v. Davidson, 75 Ala. 494; Torrey v. Bishop, 104 Ala. 548, 16 So. 422; McCord v. Bridges, 207 Ala. 376, 92 So. 447.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.